**Donald R. WILLIAMS, Respondent,**

v.

**James E. SCHAFFNER, Director of Revenue, et al., Appellants.**

**No. 55437.**

Supreme Court of Missouri, En Banc.

March 13, 1972.

McKenzie, Williams, Merrick, Beamer & Stubbs, Robert J. Mann, Kansas City, for respondent.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for appellants.

STOCKARD, Commissioner.

Plaintiff was twice convicted of operating an automobile while intoxicated in violation of § 564.440 (all statutory citations are to RSMo 1969, V.A.M.S.), and pursuant to § 302.304 the Director of Revenue revoked his operator's license. § 302.309 provides that when an operator's license is revoked he shall, upon the termination of the revocation, apply for a new license, and § 302.060 provides that a license shall not be issued to any person whose application shows that within five years prior thereto he was convicted for the second time of violating the laws of this state relating to driving while intoxicated. § 302.309, subd. 3 authorizes certain courts to grant a "hardship driving privilege" to persons whose license has been revoked, but it is also provided in § 302.309, subd. 3(5) (a) that no person is eligible to receive a hardship driving privilege who has been convicted for the second time for operating an automobile while intoxicated in violation of § 564.440.

Plaintiff applied for a hardship driving privilege, and the Circuit Court of Jackson County granted such privilege after ruling that § 302.309(4) (a), obviously intended to be § 302.309, subd. 3(5) (a), was unconstitutional because it constituted "an arbitrary, unreasonable and capricious classification and is specifically in contravention of Article I, Section 2, Missouri Constitution of 1945 and the Constitution of the United States, Amendment 14." The Director of Revenue has appealed. We reverse.

"In the exercise of its police powers, a state may require a person to be licensed as a condition precedent to operating a motor vehicle on public highways, and such license is a privilege or a qualified right that is subject to suspension or revocation as may be provided by law on any ground that would justify a refusal to issue a license in the first instance if such suspension or revocation is not done arbitrarily and in disregard of procedural due process." Blydenburg v. David, Mo., 413 S.W. 2d 284, 289; Barbieri v. Morris, Mo., 315 S.W.2d 711. The revocation of an operator's license for one year after a conviction for operating an automobile while intoxi-

cated, and the revocation of the license for an increased period after the second conviction, is clearly a reasonable exercise of the police power for the protection of the public, which is the purpose of the statutes under consideration, Rudd v. David, Mo., 444 S.W.2d 457, 459, and we do not understand that plaintiff contends otherwise. His position is that since a hardship driving privilege may be granted to a person whose operator's license is revoked for one year following the first conviction for operating an automobile while intoxicated, it is arbitrary, unreasonable, and a capricious classification to prohibit the granting of a hardship driving privilege during the five-year revocation period following a second conviction. We do not agree.

As noted, under its police power the State may revoke an operator's license after a conviction for operating an automobile while intoxicated. The granting of a hardship driving privilege during the period of revocation is a matter of grace, and there is no vested right to receive it. The legislative determination that such privilege may be granted following the first conviction but not following a second conviction is neither arbitrary nor unreasonable. All who bring themselves by their actions into the group who are not entitled to a hardship driving privilege are subject to the same conditions, and are not denied equal protection of the law, State v. Day-Brite Lighting, Inc., 362 Mo. 299, 240 S.W.2d 886, nor does the group constitute an unreasonable or capricious classification contrary to constitutional standards.

The judgment is reversed and the cause remanded for the entry of a judgment conforming to the views here expressed.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court en Banc.

Reversed and remanded with directions.

All concur.