Junior Lawson BREEZE, Respondent,

v.

Gerald H. GOLDBERG, Director of the Department of Revenue, State of Missouri, Jefferson City, Missouri, Appellant.

No. KCD 30630.

Missouri Court of Appeals, Western District.

Feb. 4, 1980.

Motion for Rehearing and/or Transfer Denied March 3, 1980.

Application to Transfer Denied April 8, 1980.

Richard L. Wieler, Columbia, for appellant.

Robert Pyatt, Chillicothe, for respondent.

Before WASSERSTROM, P. J., and WELBORN and MASON, Special Judges.

DONALD L. MASON, Special Judge.

This is an appeal from a judgment entered in the Circuit Court of Daviess County, the Honorable Montgomery L. Wilson, assigned by the Supreme Court, ordering the Director of the Department of Revenue to issue a driver's license to the respondent Junior Lawson Breeze.

The agreed facts are that on March 31, 1977, the respondent pleaded guilty to an Information filed in the DeKalb County Circuit Court charging him with driving while intoxicated in violation of § 564.440, RSMo 1969. This was respondent's second conviction for driving while intoxicated, the first having occurred by judgment entered on June 15, 1971, by the Circuit Court of Livingston County. Upon the expiration of the one year license revocation period occasioned by the March 31, 1977 conviction, the respondent applied to the Director for the issuance of a driver's license. The Director denied the application and refused to issue an operator's license to respondent until March 30, 1982, pursuant to his interpretation of § 302.060(10), RSMo 1969. This cause was initiated by respondent filing his petition in the Circuit Court of Daviess County on July 6, 1978. After an evidentiary hearing, judgment was rendered adverse to the Director on October 29, 1978. This timely appeal followed.

The portion of the statute relied upon by the appellant states:

"302.060. License not to be issued to whom

The Director shall not issue any license hereunder:

.    .    .    .    .

(10) To any person whose application shows that he was, within five years prior to such application, convicted for the second time of violating the laws of this state relating to driving while intoxicated;"

It was, and is, the contention of the appellant that only the applicant's second conviction for driving while intoxicated needs to have occurred within the five year period prior to the application and that the date of the first conviction is immaterial. Hence, his refusal to issue an operator's license to respondent until March 30, 1982, five years after the March 31, 1977 conviction. By his ruling the trial judge construed the statute to require that both convictions must occur within the five year period prior to the application. The parties have not found any case precedent dispositive of the single issue presented and our own research has not been productive. The single case cited by both parties, *Williams v. Schaffner*, 477 S.W.2d 55 (Mo. banc 1972) is admittedly not dispositive.

In construing a statute the cardinal rule is to ascertain the intent of the legislature from the language used, and to consider all words in their ordinary and plain meaning, *State v. Kraus*, 530 S.W.2d 684 (Mo. banc 1975); *State ex rel. State Highway Commission v. Wiggins*, 454 S.W.2d 899 (Mo. banc 1970); *Playboy Club, Inc. v. Myers*, 431 S.W.2d 228 (Mo.1968). The courts must give effect to the statutes as they are written, *State v. Patton*, 308 S.W.2d 641 (Mo. banc 1958), and we must presume that the legislature intended a logical and reasonable result, *McCarthy v. Board of Trustees of Firemen's Retirement System*, 462 S.W.2d 827 (Mo.App.1971), not an absurd or unreasonable result, *State ex rel. Zoological Park Subdistrict of City and County of St. Louis v. Jordan*, 521 S.W.2d

369 (Mo.1975); *State ex rel. Dravo Corporation v. Spradling,* 515 S.W.2d 512 (Mo.1974). In construing this statute we are also mindful that the receipt of an operator's license is a privilege or a qualified right, the issuance of which is properly controllable by the exercise of the state's police powers, *Williams v. Schaffner, supra.*

 We are of the opinion that a reasonable result is reached, and decrees the intent of the legislature, in deciding that two convictions for driving while intoxicated must have occurred within the five year period prior to such application. This comports with the ordinary and plain meaning of the phraseology employed by the legislature. It was the obvious intent of the legislature to establish enhanced penalties for a continuing pattern of driving while intoxicated offenses. This is manifested by the enactment of several statutory provisions.

Section 564.440 dictates the penalties for operating a motor vehicle in an intoxicated condition. The first and second offenses are misdemeanors, with the first offense requiring a fine of not less than $100.00 and/or a county jail sentence of not more than six months. The second offense requires county jail confinement of not less than 15 days, but not to exceed one year. The third and subsequent offenses are felonies requiring county jail confinement of not less than 90 days nor more than one year or commitment to the department of corrections for not less than two years nor more than five years. In addition, such driving conviction carries point penalties in accordance with § 302.302 and the revocation of the miscreant's driving license under § 302.304. Although the penalties attached to the first driving under the influence of intoxicants conviction can be somewhat abated under § 302.309, RSMo Supp.1977, by the granting of limited hardship licensing privileges by the courts, that same relief is not available to an operator who has been convicted for the second offense of violating § 564.440, *Williams v. Schaffner, supra.*

. This pattern of enhanced penalties is perpetuated in § 302.060. Section 302.060(3)

prohibits the issuance of a license, inter alia, to any person, "whose license has been revoked, until the expiration of one year after such license was revoked." Section 302.-060(9) prohibits the issuance of a license to operate a motor vehicle to any person who has been convicted three or more times of driving a motor vehicle while intoxicated. The admitted result flowing from the sustention of the Director's interpretation would lead to an operator being unable to obtain the issuance of a license for five years following the date of the second conviction regardless of the date of the first conviction, even if that conviction were prior to the adoption of § 302.060. On oral argument the Director illustrated his contention by responding affirmatively that an otherwise qualified driver could not obtain a license until 1983 after a 1978 and 1950 conviction for driving while intoxicated. This interpretation of the statute is unreasonable, would lead to unjust results, and clearly was not the intent of the legislature, as we have demonstrated.

The trial judge correctly construed and applied the law and the judgment rendered below is affirmed.

All concur.