## WARRENSBURG SCHOOL DISTRICT R-VI, Respondent,

v.

## JOHNSON COUNTY SCHOOL DISTRICT R-VII, Appellant.

### No. WD 31825.

Missouri Court of Appeals,
Western District.

Sept. 29, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 3, 1981.

Application to Transfer Denied
Dec. 14, 1981.

C. B. Fitzgerald, Fitzgerald & Fitzgerald, Warrensburg, for appellant.

Edgar S. Carroll, Warrensburg, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Warrensburg School District R–VI brought suit against Johnson County School District R–VII for tuition for Johnson County students attending Warrensburg High School. The court entered judgment for Warrensburg and Johnson County appeals.

Johnson County contends the court erred in reopening the judgment and in entering judgment based on tuition costs per pupil made by the State Board of Education because the State Board included certain salaries and failed to credit federal and state funds received by Warrensburg. Affirmed.

Warrensburg brought suit for tuition for Johnson County students attending its high

school for the school year 1978–79. At the time suit was brought, the State Board of Education had not made a determination of the per pupil cost to be paid by Johnson County. The court found that it was without jurisdiction and entered judgment in favor of Johnson County because the State Board had not determined the dispute between the districts. Warrensburg filed a motion for a new trial pursuant to Rule 78.01 and requested the court to open the judgment and take additional testimony to show that the State Board had set the per pupil cost at $1,629.24. The court sustained the motion and reopened the judgment and took the requested additional testimony. The court entered a new judgment in favor of Warrensburg for $51,129.66, plus interest of $5,513.03, which reflected the per pupil cost fixed by the State Board.

Johnson County first contends that the court was without authority under Rule 78.01 to reopen the judgment. Rule 78.01 plainly grants the court authority after a trial without a jury to open a judgment, take additional testimony, and direct the entry of a new judgment. That is what the court did in this case. The fact that the court in its first judgment found it had no jurisdiction does not affect the operation of Rule 78.01. It was stated in *Miller Land Company v. Liberty Township*, 510 S.W.2d 473, 476[6] (Mo. banc 1974), that the trial court has discretion under Rule 78.01 to open the judgment in a court-tried case, take additional testimony, and direct entry of a new judgment. The court held that the reviewing court will not interfere with the exercise of such discretion in the absence of an abuse of that discretion. Here, Johnson County does not allege or show any abuse of discretion and none is found in the reopening of the judgment and the entry of a new judgment.

Johnson County next contends the per pupil cost fixed by the State Board is erroneous because the Board included a portion of the salaries paid by Warrensburg to the secretary to its board, the district treasurer, secretaries, cost of school audit, cost of election and school census, insurance premiums and expenses for health service.

Section 167.131, RSMo 1978, provides that when one district sends high school students to another district it shall pay tuition for each student. In case of a disagreement as to the amount, the State Board is to decide the issue. Section 167.131.2 provides in part:

"The rate of tuition to be charged by the district attended and paid by the sending district is the per pupil cost of maintaining the high school attended. The cost of maintaining the high school attended shall be determined by the board of education of the district but in no case shall it exceed all amounts spent for teachers' wages, incidental purposes, debt service, maintenance and replacements. . . . "

Both parties agree that the expenses complained of must fall under the category of "incidental purposes" if they are properly includable as costs. Johnson County contends the meaning of incidental is that which occurs without design or regularity; casual; minor; or secondary.

In construing a statute the primary rule is "to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *State v. Kraus*, 530 S.W.2d 684, 685[1] (Mo. banc 1975).

" 'The particular meaning to be ascribed to specific words and phrases must depend to some extent upon the context in which they are used'." *City of Willow Springs v. Mo. State Librarian*, 596 S.W.2d 441, 445[4–6] (Mo. banc 1980). If the definition of "incidental purposes" advanced by Johnson County were adopted, the allowable costs in addition to teachers' salaries would be those costs incurred without design or regularity, or those that were casual or minor or secondary. This court cannot believe the legislature entertained such a cavalier attitude toward the costs involved as to define them as casual or such that occur without design. This would lead to an absurd result which is to be avoided in statutory construction. *Breeze v. Goldberg*, 595 S.W.2d 381, 382[1–3] (Mo.App.1980).

The meaning ascribed to the word incidental by Johnson County is an accepted one. The Oxford English Dictionary (1933), p. 152. But that word has more than one accepted meaning. The Oxford English Dictionary at p. 153 gives this definition when the word is used concerning a charge or expense: "Such as is incurred (in the execution of some plan or purpose) apart from the primary disbursements." That meaning has been recognized in this state. In *State ex rel. Barrett v. First National Bank of St. Louis*, 297 Mo. 397, 249 S.W. 619, 622[4] (banc 1923) the court reiterated the meaning of "incidental power" as "one directly and immediately appropriate to the execution of the powers expressly granted and exists only to enable the corporation to carry out the purpose of its creation. . . ."

■ From the language used it is obvious the word incidental was used in the sense of those purposes necessary to carry out the function of a high school in support of the primary mission of teaching students. It is beyond cavil that a high school does not operate in a vacuum with only teachers and students. The high school was operated by the Warrensburg School District, which in common with all districts, requires a board of education with the proper officers and support personnel to operate a high school. That district was also required to hold elections. Certainly the district would be expected to carry insurance for which it would pay premiums and maintain some health service which would require funding. All of these activities incurred costs which were apart from the primary expense of teachers, but were directly appropriate to the operation of the high school and enabled the Warrensburg District to carry out its mission of teaching high school students.

Johnson County does not challenge the amount of the charges,[1] but contends such charges are not properly includable as being for incidental purposes. Under the meaning of "incidental" applied in *Barrett*, the costs which Johnson County question were properly included in the per pupil cost.

■ Johnson County finally contends that the State Board failed to calculate the per pupil cost after taking into account the monies received by Warrensburg from the State and Federal Governments. The answer to this argument is that the legislature has not directed that such amounts be considered. The statute directs the manner of calculating the costs, but is silent concerning any credits to offset such costs. Absent a statutory direction to deduct State and Federal contributions received by Warrensburg, there is no authority to do so.

Johnson County argues that under a theory of money had and received it is necessary to deduct that sum from the costs. This is not a suit based on a theory of money had and received. It is a suit founded on a statutory cause of action and the provisions of the statute control.

The judgment is affirmed.

All concur.

---

1. Those costs not confined to the high school but which were necessary to operate that school were pro-rated to arrive at the high school proportion.