Dear Ms. Hackwood:
This is in response to your request for an official opinion on the following questions:
 (1) Under Section 104.615, RSMo Supp. 1982, as enacted by A.L. 1981 H.B. 835, 53, 591 
830, I question if the minimum compensation to be received by retired members of the Missouri State Employees' Retirement System is $112.50 per month, regardless of any reductions in the normal annuity due to retirement prior to the normal retirement age under Section 104.400, RSMo Supp. 1982, or the election by the retiree to receive a reduced benefit in order to provide a continuing survivor's benefit pursuant to Section 104.395, RSMo Supp. 1982.
 In summary, is the $112.50 minimum applicable to the normal retirement benefit (not taking into consideration adjustments for early retirement or election of survivor options) or, is $112.50 the minimum benefit to be paid to a retiree, regardless of age of survivor benefit elected?
 (2) If the answer to question 1 is that the minimum annuity to be received by members of the Missouri State Employees' Retirement System under Section 104.615, RSMo Supp. 1982, refers to the normal annuity as computed under 104.374, RSMo Supp. 1982, and that the minimum annuity is then reduced under Sections 104.395
and 104.400, then does the Missouri State Employees' Retirement System have the authority to continue making retirement benefit payments to retirees in excess of the proper amount as has been done since 1980 due to an administrative interpretation made at that time?
Section 104.615, RSMo Supp. 1982,[1] provides in pertinent part:
 The provisions of section 104.374 to the contrary notwithstanding, any member of the state employees' retirement system, other than members and former members of the general assembly, and any member of the highway employees' and highway patrol retirement system, if such member of either system has fifteen years or more of creditable service; including compensation received for service as a special consultant, shall not be less than one hundred twelve dollars and fifty cents per month, reduced by one-fifteenth for each year of creditable service for those retirees with ten years or more and less than fifteen years of creditable service. . . .
A notation by the Revisor of Statutes included in the 1982 Cumulative Supplement to the Revised Statutes of Missouri states that the words "the total annuity of" were apparently omitted through clerical error in enacting House Bill 835 in 1981. These words are necessary to the first sentence of Section 104.615 for it to be a logical sentence. Otherwise, the sentence would read, "[A]ny member of the state employees' retirement system . . . shall not be less than one hundred twelve dollars and fifty cents per month . . . ." In construing a statute, we must presume that the legislature intended a logical and reasonable result, not an absurd or unreasonable result. Breeze v. Goldberg, 595 S.W.2d 381,382 (Mo.App. 1980). Section 104.615 will be read to include the words "the total annuity of" for purposes of answering the questions presented.
Section 104.374 referred to in Section 104.615 provides the formula for computing the normal annuity of most members of the retirement system. It reads:
 The normal annuity of a member, other than a member of the general assembly or a member who served in an elective state office, shall be an amount equal to one and one-fourth percent of the average compensation of the member multiplied by the number of years of creditable service of the member.
A member of the retirement system may retire with something other than the normal annuity under Sections 104.395 and104.400.1. Section 104.395 provides in pertinent part:
 In lieu of the normal annuity otherwise payable to a member under section 104.374 or 104.400, a member whose age at retirement is fifty-five years or more may elect in the member's application for retirement to receive either:
 Option 1. The actuarial equivalent of the member's normal annuity in reduced monthly payments for life during retirement with the provision that upon the member's death the reduced normal annuity shall be continued throughout the life of and paid to the member's spouse; or
 Option 2. Some other option approved by the board which shall be the actuarial equivalent of the annuity to which the member is entitled under this system. . . .
This statute allows a member to elect an option whereby the member's surviving spouse or some other person receives benefits beyond the life of the member, and the member receives a reduced annuity that is the actuarial equivalent of the member's normal annuity.
Section 104.400.1 provides:
 Any member after attaining fifty-five years of age and having had at least fifteen years of vesting service or at least three biennial assemblies as a member of the general assembly may retire. In such case, the member shall receive an annuity in an amount which is the actuarial equivalent of the normal annuity the member would have received commencing at the earliest date on which the member is entitled to an unreduced benefit based on the member's creditable service at the date of the member's termination of employment.
This section provides that a member who is 55 years of age and has at least 15 years of vesting service or three biennial assemblies as a member of the general assembly may receive retirement benefits that are the actuarial equivalent of the member's normal annuity. The earliest date at which a member who has 15 years of creditable service or who has served in three biennial assemblies as a member of the general assembly is entitled to an unreduced benefit is when that member reaches age 60, under Section104.400.2. If a member retires under the provisions of Section104.400.1, he is retiring at an age of anywhere from 55 through 59 years. The actuarial equivalent of that member's normal annuity that he or she would receive at age 60 is a lesser amount than the normal annuity.
Your first question arises from an ambiguity in the language of the first sentence of Section 104.615, which may be read, "[T]he total annuity of any member of the state employees' retirement system . . . shall not be less than . . . ." If only this portion of Section 104.615 is read, one might conclude that a member is to receive a specific minimum annuity, regardless of whether the member elects an option under Section 104.395 that would allow the payment of benefits to a survivor, or whether the member chooses to retire prior to age 60 under the terms of Section104.400.1, both constituting choices that would require an actuarial reduction to the normal annuity under the provisions of the law. However, such a reading ignores the first clause of the sentence, a clause that modifies the construction of the statute.
The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, and to give effect to that intent if possible. City of Willow Springs v. Missouri State Librarian, 596 S.W.2d 441, 445 (Mo. banc 1980). In determining the meaning of a statute, consideration may be given to the entire purpose and policy of the statute and the language and the totality of the enactment. State ex rel. Henderson v. Proctor, 361 S.W.2d 802, 805 (Mo. banc 1962). If possible, significance and effect should be given to every word, phrase, sentence and part thereof, if it is in keeping with the legislative intent. State ex rel. Jones v. Ralston Purina Co.,358 S.W.2d 772, 777 (Mo. banc 1962). The reference in Section 104.615
to the contrary terms of Section 104.374 prior to specifying minimum annuity amounts indicates that the legislature intended to supersede the provisions of Section 104.374 establishing the normal annuity for members of the Missouri State Employees' Retirement System. However, there are no references to Sections104.395 and 104.400.1 in Section 104.615 that would indicate an intent by the legislature to supersede the provisions of those sections requiring an actuarial reduction. The reference to Section 104.374 alone in Section 104.615 indicates that the minimum annuity established in that section is a minimum normal annuity and that any elections made under Sections 104.395 and104.400.1 would result in an actuarial reduction to the minimum normal annuity received under Section 104.615.
You have stated that Section 104.615 was interpreted by a previous executive secretary of the retirement system to establish a minimum annuity regardless of any sections under Sections104.395 and 104.400.1 and has been administered accordingly since 1980, leading to your second question, which inquires whether the retirement system has the authority to continue making retirement benefit payments in this manner.
The funds of the retirement system are trust funds. See Section 104.440.1, RSMo Supp. 1982. Trustees are fiduciaries of the highest order, and are required to observe meticulously the fiduciary relationship, to exercise the utmost good faith in handling the trust funds, and to exercise high standards of conduct and fidelity in respect to administration of the trust. Morrison v. Asher, 361 S.W.2d 844, 850 (Mo.App. 1962). Trustees must strictly comply with the law in all respects regarding trust funds. White v. Hughes, 88 S.W.2d 268, 272 (Mo.App. 1935). The Board of Trustees, vested with the duty to make certain benefit payments, may make those benefit payments only in accordance with the provisions of the statutes. See 70 C.J.S. Pensions Section 10 (1951). Therefore, the minimum annuity provisions of Section104.615 shall be applied only to the normal annuity on all future retirement benefit payments and the Board may not continue to pay what has been determined to be an incorrect amount.
CONCLUSION
It is the opinion of this office that:
(1) Section 104.615, RSMo Supp. 1982, establishes a minimum normal annuity for members of the Missouri State Employees' Retirement System, and any elections made by a member pursuant to Sections 104.395 and 104.400.1, RSMo Supp. 1982, would result in an actuarial reduction to the minimum normal annuity.
(2) The minimum annuity provisions of Section 104.615, RSMo Supp. 1982, shall be applied only to the normal annuity on all retirement benefit payments made by the Board of Trustees of the Missouri State Employees' Retirement System.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Patricia D. Perkins.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] All statutory references are to RSMo Supp. 1982, unless otherwise indicated.