Leroy SMITH, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 35440.

Missouri Court of Appeals, Western District.

Sept. 18, 1984.

Gary Lee Stamper, Columbia, for appellant.

Jerome Strauss Antel, Columbia, for respondent.

Before TURNAGE, C.J., and SOMERVILLE and MANFORD, JJ.

MANFORD, Judge.

This appeal follows a judgment of denial of an application for limited driving privileges pursuant to § 302.309, RSMo 1978. The judgment is reversed with directions.

Appellant's sole point charges that the trial court erred in denying his application for limited driving privileges because his two convictions for driving while intoxicated did not occur within a ten or five year period prior to his application, and hence the trial court misconstrued and misapplied the statute.

The facts were not disputed by respondent at trial, and furthermore, respondent has not even bothered to file a brief on appeal. The pertinent facts are as follows:

On March 7, 1973, appellant pleaded guilty to driving while intoxicated, in violation of § 564.440, RSMo 1969.[1] Pursuant to that conviction, appellant's chauffeur's license was revoked for one year and reinstated on April 24, 1974.

On April 7, 1983, appellant pleaded guilty to driving while intoxicated, in violation of § 577.010, RSMo 1978. The information supporting this second charge declared the 1983 charge as a "first offense" because the prior charge and conviction occurred more than ten years before, and thus, the "second" charge was declared by the information as a "first" offense.

On April 25, 1983, appellant filed his application for limited hardship driving privileges. After a hearing, the trial court ruled appellant ineligible under § 302.309.-3(5)(a). This appeal followed.

The parties agree that appellant is qualified for limited driving privileges if the statute [§ 302.309.3(5)(a)] does not otherwise prevent his eligibility. Thus, the issue on this appeal is the interpretation and thus the applicability (or lack thereof) of § 302.-309.3(5)(a).

It is appellant's contention that the sole issue is whether § 302.309.3(5)(a) prohibits the granting of hardship driving privileges to persons whose driving records disclose two convictions for driving while intoxicated more than ten years apart. Section 302.309 reads:

"302.309. Return of license, when—limited hardship licenses when, granted

1. Whenever any operator's or chauffeur's license is suspended under sections 302.302 to 302.309, the director of revenue shall return the license to the operator or chauffeur immediately upon the termination of the period of suspension and upon compliance with the requirements of chapter 303, RSMo.

2. Any operator or chauffeur whose license is revoked under these sections, upon the termination of the period of revocation, shall apply for a new license in the manner prescribed by law.

3. (1) All circuit courts shall have jurisdiction to hear applications for hardship driving privileges, and such applications may be heard and determined by either circuit or associate circuit judges.

(2) When any court of record having jurisdiction finds that a chauffeur or operator is required to operate a motor vehicle in connection with his business, occupation or employment, the court may grant such limited driving privilege as the circumstances of the case justify if the court also finds undue hardship on the individual in earning a livelihood, and while so operating a motor vehicle within the restrictions and limitations of the court order the driver shall not be guilty of operating a motor vehicle without a valid driver's license.

(3) An operator or chauffeur may make application to the proper court in the county in which the operator or chauffeur resides or in the county in wich (sic) is located his principal place of business or employment. Any application for a hardship driving privilege shall be accompanied by a copy of the applicant's driving record for the next preceding five years as certified by the director. Any application by an operator for a hardship driving privilege shall also be accompanied by proof of financial re-

---

1. Predecessor statute to present § 577.010, RSMo 1978, effective January 1, 1979.

sponsibility as required by chapter 303, RSMo. Any application by a chauffeur may be accompanied by proof of financial responsibility as required by chapter 303, RSMo, but if proof of financial responsibility does not accompany the application the court in its discretion may grant the hardship driving privilege to the chauffeur solely for the purpose of operating a commercial vehicle whose owner has complied with chapter 303, RSMo, for that vehicle, and the court's order must state such restriction. When operating a commercial vehicle under such restriction the chauffeur must carry proof that the owner has complied with chapter 303, RSMo, for that vehicle.

(4) The court order granting the hardship driving privilege shall indicate the termination date of the order, which shall be not later than the end of the period of suspension or revocation. A copy of the order shall be sent by the clerk of the court to the director, and a copy shall be given to the driver which shall be carried by him whenever he operates a motor vehicle. A conviction which results in the assessment of points under the provisions of section 302.302, other than a violation of a municipal stop sign ordinance where no accident is involved, against a driver who is operating a vehicle under the authority of a court order terminates the order, and the court in which the conviction occurs shall immediately so notify the river, the director and the court which granted the order.

(5) No person is eligible to receive hardship driving privilege whose license has been suspended or revoked for the following reasons:

(a) Who has been convicted of any felony in the commission of which a motor vehicle was used or who has been convicted for the second time for violating the provisions of section 577.010, RSMo;

(b) Who at the time he applies for such hardship driving privilege would not be eligible for a chauffeur's or operator's license because of the provisions of subdivisions (1), (2), (4), (5), (6), (7) and (8) of section 302.060;

(c) Because of operating a motor vehicle under the influence of narcotic drugs, drugs as defined in section 195.220, RSMo, or having left the scene of an accident as provided in section 577.060, RSMo;

(d) Who at the time he applies for a hardship driving privilege has previously been granted such a privilege within the period of five years next preceding such application, or who has violated more than once the provisions of section 577.041, RSMo, in such five-year period."

Appellant's argument then narrows to subsection (5)(a) of § 302.309.3, and from that subsection, appellant contends that his second conviction must have "occurred within ten, or at least five years of the first conviction so as to fall subject to the exclusion set forth in § 302.309(5)(a) [§ 302.309.3(5)(a)]."

The trial court ruled that the statute requires only that both convictions occur within the entire driving history or experience of an operator.

Appellant offers no case addressing the precise issue herein, nor has research by this court discovered any. The task, therefore, is to interpret what the Missouri General Assembly intended by the enactment of § 302.309.3(5)(a). Section 302.309.3(5)(a) reads:

"(5) No person is eligible to receive hardship driving privilege whose license has been suspended or revoked for the following reasons:

(a) Who has been convicted of any felony in the commission of which a motor vehicle was used or who has been convicted for the second time for violating the provisions of setion 577.010, RSMo;"

As noted, the foregoing section references § 577.010, RSMo 1982 which reads:

"577.010. Driving while intoxicated

1. A person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition.

2. Driving while intoxicated is for the first offense, a class B misdemeanor.

No person convicted of or pleading guilty to the offense of driving while intoxicated shall be granted a suspended imposition of sentence for such offense, unless such person shall be placed on probation for a minimum of two years."

Appellant urges that § 302.309.3(5)(a) is to be read and construed with § 302.309.-3(3), which requires proof of the operator's driving record for the next preceding five years. In addition, appellant urges also reference to § 302.060(10), which references a five-year time limitation regarding the denial of an operator's license for persons convicted of driving while intoxicated. From this, appellant concludes that the General Assembly has intended that the same five-year limitation is applicable to persons seeking limited driving privileges.

This court's attention is directed to the case of *Breeze v. Goldberg*, 595 S.W.2d 381 (Mo.App.1980), which appellant admits is not controlling but at the same time offers an analogy for the instant case. In *Breeze*, this court was asked to interpret § 302.-060(10), RSMo 1969 [2]. Except for the additional reference to the conviction for manslaughter, the previous § 302.060(10) and the present § 302.060(10) read virtually the same. It must be concluded that the same legislative intent is expressed in both the former and the present sections. In *Breeze*, this court concluded that an operator *could*, if otherwise eligible, obtain a license if the applicant had not been convicted twice of the offense of driving while intoxicated within a five-year period. Stated another way, this court construed § 302.060 to mean that the two convictions must occur within a five-year period prior to the application being filed.

If the construction applied in *Breeze* is applied to § 302.309.3(5)(a) as urged by appellant, then the record herein clearly shows appellant to be eligible for limited driving privileges. The remaining question is whether § 302.309.3(5)(a) creates an ex-

ception. It is noted that when the Missouri General Assembly reenacted § 302.060(10), it included an applicable five-year period, which was a continuation of an applicable five-year period.

Section 302.309.3(5)(a), however, contains no specification or reference to any five-year period. What becomes obvious is that an operator can be denied a license [§ 302.-060(10) ] if twice convicted for driving while intoxicated within a five-year period, see *Breeze, supra,* but if the same limitation is not applied to an operator seeking limited driving privileges, those limited driving privileges may be denied forever. This is to say the least an inconsistency. Section 302.309.3(3) requires that a five-year driving record of the applicant for limited driving privileges accompany his application.

When § 302.309 and § 302.060 are considered, it becomes clear that the Missouri General Assembly intended that two prior convictions must have occurred within a five-year period prior to the application for limited driving privileges before denial can occur. Any convictions for such an offense beyond a five-year period would have no bearing upon the operator's application and should not be considered relative to the meaning and intent of § 302.309.-3(5)(a). Stated yet another way, the denial provisions of § 302.309.3(5)(a) would not be applicable unless it was shown that the appellant was twice convicted for driving while intoxicated within a five-year period prior to the filing of the application for limited driving privileges.

It is further noted that the ruling herein does not address that portion of § 302.309.-3(5)(a) which reads, "who has been convicted of any felony in the commission of which a motor vehicle was used", but rather, the ruling herein is limited to only the later language of § 302.309.3(5)(a) addressing the offense of driving while intoxicated as defined within § 577.010. The wording within § 309.302.3(5)(a), being in the dis-

---

**2.** This previous statute reads: "The director shall not issue any license hereunder: * * * (10) To any person whose application shows that he was, within five years prior to such application, convicted for the second time of violating the laws of this state relating to driving while intoxicated."

junctive, requires and permits the separate and distinct consideration as between the commission of a felony during which a motor vehicle was used and the second conviction for driving while intoxicated. The ruling herein is in no manner to be construed as having any application to the "felony" provision within § 302.309.3(5)(a).

Further, the ruling herein should not be construed as to be applicable in any manner to criminal or civil sanctions and penalties or liabilities arising from or in conjunction with a single conviction or multiple convictions for driving a motor vehicle while intoxicated.

The ruling herein is limited to and finds application only to the above-referenced portion of § 302.309.3(5)(a), addressing limited driving privileges by an operator twice convicted of driving while intoxicated. This court is forced to conclude that the Missouri General Assembly has intended the second conviction for such an offense must have occurred within a five-year period relative to the grant or denial of both a new application for a license [§ 302.060] and/or an application for limited driving privileges [§ 302.309.3(5)(a) ].

If, in its wisdom, the General Assembly desires to extend the "twice convicted" restriction to a longer period than five years, or alternatively, to base a denial of any application for a license or limited driving privileges upon the "twice convicted" principle throughout the entire driving history of an applicant, it is at liberty to do so. Currently, public attention is focused upon the serious and fatal consequences of motor vehicle operation by persons found to be intoxicated and perhaps the General Assembly will desire to probe this area further.

Appellant herein is cautioned not to misconstrue this court's ruling. He stands twice convicted for driving while intoxicated. The ruling herein should not be construed by appellant or anyone else as a waiver or prohibition against any present or future criminal or civil proceedings which might be invoked. The ruling specifically herein does not apply or in any manner revise or alter any provision ·under Chapter 577, RSMo 1978. These proceedings address only his present request for limited driving privileges, and appellant is again cautioned not to misconstrue the limitations of this court's ruling.

This court concludes that under those limited conditions, the denial as prescribed by § 302.309.3(5)(a) does not apply because of the legislative intent deemed applicable within § 302.309.3(5)(a).

The judgment of the circuit court is reversed and this cause is remanded with directions to the circuit court to grant appellant's application for limited driving privileges between the hours of 7:30 a.m. until 5:30 p.m., Monday through Friday, and at such other times that appellant is required to operate a motor vehicle for emergency purposes as required and verified by appellant's employer. Said limited driving privileges shall not include the operation of any motor vehicle by this appellant for any purpose other than appellant's driving to and from his employment or the operation of a motor vehicle at the express direction and authorization of appellant's employer, exclusively for and to carry out the purposes of appellant's employer.

All concur.