Dean Ross MESSER and Richard Lee
Brookhart, Respondents,

v.

Richard A. KING, Director, Department
of Revenue, State of Missouri,
Appellant.

No. 67099.

Supreme Court of Missouri,
En Banc.

Oct. 16, 1985.

William L. Webster, Atty. Gen., Richard
L. Wieler, Asst. Atty. Gen., Ninion S. Riley,
Sharon M. Busch, Mo. Dept. of Rev., Jef-
ferson City, for appellant.

Lawrence O. Willbrand, St. Louis, for
respondents.

BLACKMAR, Judge.

This case involves the construction of
§ 302.060(10), RSMo Cum.Supp.1984 read-
ing in pertinent part as follows:

The director shall not issue any license
hereunder:

\* \* \* \* \* \*

(10) To any person whose application shows that he was, within five years prior to such application, convicted for the second time of violating the laws of this state relating to driving while intoxicated or who has been convicted of the crime of vehicular manslaughter pursuant to section 577.005, RSMo;

\* \* \* \* \* \*

Appellant Messer was convicted of driving while intoxicated on June 16, 1978 and again on September 7, 1982. He was notified by the respondent, the Director of Revenue, that his driving privileges were revoked and that he would be ineligible to apply for a driver's license until September 7, 1987, the fifth anniversary of his second conviction. Messer claims that the five-year period of ineligibility dates from the first conviction and that he is presently eligible for a license. The circuit court agreed and sustained his petition for review, directing issuance of a license subject to proof of financial responsibility.

The circumstances as to appellant Brookhart are identical, except that the first conviction was on March 14, 1979 and the second on August 5, 1981. The trial court likewise sustained his petition for review.

■ The Court of Appeals, Eastern District, was of the opinion that the circuit courts were in error and that the result they reached was not required by *Breeze v. Goldberg*, 595 S.W.2d 381 (Mo.App.1980). The court noted a conflict with the Western District's opinion in *Burks v. King*, No. 36238 (Western District March 19, 1985), decided by this Court this day, 698 S.W.2d 324 (Mo. banc 1985), and transferred the case here on its own motion. We conclude that the director's position is well taken, and reverse the judgments.

The statutory language is crystal clear. Each defendant was convicted of driving while intoxicated within five years of the application which prompted his petition for review. The conviction of each was a second conviction. By the plain language of the statute, each was ineligible to apply. Had the legislature intended otherwise, it could have done so simply by saying "twice" instead of "for the second time."

■ The applicants adduce *Breeze v. Goldberg, supra.* We do not agree with that opinion, in which the court appears to have looked to the reasonableness of the result rather than to the language of the statute. Where the statutory language is clear, the matter of reasonableness is for the legislature.

It is pointed out that this Court denied transfer in *Breeze* and that the legislature has failed to modify the statute since that case was decided. These circumstances do not control our decision, once we accept the case. The broad remedial purposes of the statute, recognized in *Breeze*, would not be served by adhering to a construction which we consider erroneous. No vested right of the driver is impaired by a suspension authorized by the language of the statute. The statutes are not criminal statutes but rather remedial statutes which should be enforced as they are written. The Western District's adherence to *Breeze* in *Smith v. State*, 677 S.W.2d 920 (Mo.App.1984), is to be expected, but does not change our view of the case.

The judgment in each case is reversed and the case is remanded with directions to dismiss the petition for review.

HIGGINS, C.J., BILLINGS, DONNELLY, WELLIVER, JJ., and BARRETT, Senior Judge, concur.

RENDLEN, J., dissents.

ROBERTSON, J., not sitting.