Joseph G. BUEHLER, Respondent,

v.

**DIRECTOR OF REVENUE, Appellant.**

No. WD 37390.

Missouri Court of Appeals, Western District.

July 15, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Auig. 28, 1986.

Application to Transfer Denied Oct. 14, 1986.

William L. Webster, Richard L. Wieler, Jefferson City, for appellant.

James R. Hobbs, Kansas City, for respondent.

Before KENNEDY, P.J., BERREY, J., and ROPER, Special Judge.

KENNEDY, Presiding Judge.

Respondent Buehler's driving privileges were revoked for one year by the Director of Revenue on the basis of the assessment of 12 points against his driving record. Sec. 302.304.6, RSMo Supp.1984. The 12 points were assessed by reason of a May 1, 1985, conviction of driving while intoxicated.[1] Treating the May 1, 1985, conviction as a "first conviction of driving while in an intoxicated condition.... after a previous conviction of driving with a blood alcohol content of ten hundredths of one percent", the Director assessed 12 points, § 302.302.-1(8), RSMo Supp.1984, and, as noted above, revoked his driving privileges for one year. Sec. 302.304.6, RSMo Supp.1984.

The circuit court upon judicial review, § 302.311, RSMo 1978, reversed the Director's decision. We reverse the judgment and reinstate the Director's order of revocation.

Respondent admits an excessive blood alcohol content conviction [2] on November 21, 1977. He argues, though, that since he had no legal counsel in connection with that conviction, it may not be used as a second

---

1. Sec. 577.010.1, RSMo Supp. 1984.

2. See Sec. 577.012, RSMo Supp. 1984.

alcohol related driving conviction in order to assess 12 points—that it must be disregarded and the May 1, 1985, conviction treated as a first conviction. The acceptance of respondent's argument would result in the assessment of 8 points, § 302.-302.1(7), RSMo Supp.1984, and the loss of his driving privileges for only 30 days, § 302.304.4, RSMo Supp.1984.

For the proposition that the uncounseled earlier conviction may not be used to increase the number of points to be assessed upon the second conviction, respondent cites *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). That case held that an uncounseled misdemeanor conviction, in violation of defendant's Sixth Amendment right to effective assistance of counsel, could not be used to enhance punishment, i.e., by adding to the length of a defendant's term of incarceration upon a subsequent conviction.

The case does not, however, go as far as respondent contends. It does not prevent the use of such earlier uncounseled conviction to increase civil penalties or sanctions, which do not involve incarceration. It has been so held in *White v. King*, 700 S.W.2d 152, 155–56 (Mo.App.1985), decided by this court since the trial court's decision in the present case.

The judgment of the circuit court is reversed and the revocation order of the Director of Revenue is reinstated.

All concur.

