James APPELBAUM, Appellant,

v.

DIRECTOR OF REVENUE,
Respondent.

No. 52049.

Missouri Court of Appeals,
Eastern District,
Division One.

July 21, 1987.

Michael P. Kelly, St. Louis, for appellant.

Stephen A. Moore, Brian S. Witherspoon, Asst. Cir. Attys., St. Louis, for respondent.

CRIST, Judge.

Appelbaum (driver) appeals from the termination of hardship driving privileges previously granted by the trial court. We affirm.

Driver was convicted on November 21, 1985 of driving while intoxicated in violation of § 577.010, RSMo 1986. Driver was sentenced to six months at the city workhouse, beginning January 6, 1986, and his license to drive was revoked for ten years. While at the workhouse driver was able to continue his regular employment on a work release program.

In December 1985 driver filed for hardship driving privileges under § 302.309, RSMo 1986. In that petition and in the hearing on the petition, driver asserted he needed the hardship driving privilege to facilitate travel to and from his place of employment. On January 13, 1986, the trial court approved limited driving privileges for driver. On June 25, 1986, the court terminated those privileges based upon the supreme court decision in *Messer v. King*, 698 S.W.2d 324 (Mo. banc 1985).

The issue before us is whether § 302.-309.3(5)(a) prohibits the granting of hardship driving privileges to someone who has been convicted of violating § 577.010 more than once, or as driver asserts, only to someone whose two most recent convictions under § 577.010 were within the five-year period preceding the application for driving privileges.

Driver has a long history of driving offenses. He was convicted May 15, 1975, in St. Louis County, under § 577.010 of driving while intoxicated, and his license was revoked until July 13, 1976. He was convicted for driving while intoxicated for the second time in St. Louis County on January 9, 1978. Two months later, on March 28, 1978, he was convicted of driving while intoxicated in Breckenridge, Missouri. Driver's license was again revoked on June 11, 1978, after a conviction in St. Louis County for failure to keep to the right. His license was reinstated January 9, 1983. And, on January 19, 1984, driver was convicted in St. Louis County of having a blood alcohol content of greater than .10 percent. For this conviction his driving privileges were revoked until April 2, 1985. Between May 1975 and his most recent conviction in November 1985, driver's driving privileges were revoked for approximately six and a half years. During the four and a half years he had driving privileges, driver was convicted four times for alcohol related traffic offenses. Now he asserts he should be granted the right under § 302.309 to drive while his license is revoked.

Section 302.309.3(5)(a) prohibits the granting of hardship driving privilege to anyone whose license has been revoked and "who has been convicted for the second time for violating the provisions of section 577.010, RSMo." The western district in *Smith v. State*, 677 S.W.2d 920 (Mo.App. 1984), held "that two prior convictions must have occurred within a five-year period prior to the application for limited driving privileges before denial can occur." *Id.* at 923 [1]. That interpretation is no longer valid after *Messer*. In *Messer* the supreme court held that § 302.060(10), RSMo 1986, prohibits the issuance of a license to drive to

someone with two convictions for driving while intoxicated within five years of the second conviction, 698 S.W.2d at 325 [1], overruling the western district opinion in *Breeze v. Goldberg*, 595 S.W.2d 381 (Mo. App.1980).

The reasoning the supreme court used in *Messer* applies equally to § 302.309.3(5)(a). Section 302.060(10) applies "to any person whose application shows that he was, within five years prior to such application, convicted for the second time of ... driving while intoxicated"; § 302.309.3(5)(a) also contains the phrase "convicted for the second time." Driver, however, tries to distinguish the reasoning in *Messer* by arguing that 302.309.3(3) only requires the applicant to provide a copy of his "driving record for the next preceding five years." Thus, driver reasons, his record prior to that period is irrelevant. The granting of hardship driving privileges is discretionary, based upon "the circumstances of the case." § 302.-309.3(2). Circumstances are not limited to the five preseding years. Had the legislature meant to require both convictions be within a certain period of time it could have done so by using wording similar to § 302.-309.3(5)(d) by which hardship driving privileges are denied to someone "who has violated more than once the provisions of section 577.041, RSMo, in such five-year period."

In his brief driver summarily dismisses a literal interpretation of § 302.309.3(5)(a) and imposes a five-year period on the two convictions. Driver sees the only issue as being whether both convictions must be within five years or whether the last must be within five years of the application for privileges. This subsection contains no mention of any five-year period; it states simply that no person is eligible for hardship driving privileges after he has been convicted a second time under § 577.010. Driver's license was revoked for ten years. He will be no more eligible for hardship driving privileges in November 1990 than he is now. We do not judge the reasonableness of this result because the statutory language is clear. *Messer*, 698 S.W.2d at 325[2]. But we note the supreme court did not find it to be unreasonable in

*Williams v. Schaffner*, 477 S.W.2d 55, 57[2] (Mo. banc 1972).

Judgment affirmed.

SATZ, C.J., and KELLY, J., concur.