Dear Senator Wilson:
This opinion letter is in response to your questions pertaining to the application of Section 50.330, RSMo 1986, to the payment of second class county employees' salaries. Your questions may be summarized as follows:
(1) Is a second class county governed by Section 50.330, RSMo 1986, in choosing its pay periods?
(2) If so, does this statute apply only to certain county employees or to all county employees?
(3) Can a second class county pay its employees more often than once a month or does Section 50.330, RSMo 1986, require that employees of a second class county be paid only once a month?
(4) If a second class county is presently paying some of its employees more often than monthly, is it in violation of this section?
(5) If a second class county has authority to pay its employees more often than monthly, what action must be taken by the county to authorize such payments?
In the words of the courts, your questions relate to whether Section 50.330, RSMo 1986, is mandatory (legally binding) or directory (optional). This statute provides:
 Any salary provided for a county officer, deputies and assistants, shall be paid in monthly installments on the first day of each month, by warrants drawn on the county treasury.
In deciding whether the statute is of a directory or mandatory nature, generally, the use of the word "shall" imposes a mandatory duty upon the official charged by the statute with its performance. Howard v. Banks, 544 S.W.2d 601 (Mo.App. 1976). Here, Section 50.330 directs that county employees be paid monthly. Another statute dealing with the same subject, Section 50.335, RSMo 1986, allows employees of certain first class counties to be paid monthly or semimonthly. Had the Legislature intended to allow employees of second class counties the same option, they would have so stated. Where the statute limits the doing of a particular thing in a prescribed manner, it necessarily includes in the power granted the negative that it cannot be otherwise done. State ex rel. State HighwayCommission v. County of Camden, 394 S.W.2d 71 (Mo.App. 1965). Since in Section 50.330 the Legislature limited pay periods to once per month, the salaries cannot be paid more often.
In construing a statute, the cardinal rule is to ascertain the intent of the Legislature from the language used and to consider all words in their ordinary and plain meaning. Breezev. Goldberg, 595 S.W.2d 381 (Mo.App. 1980); Metro Auto Auctionv. Director of Revenue, 707 S.W.2d 397 (Mo. banc 1986); Stateex rel. Lebeau v. Kelly, 697 S.W.2d 312 (Mo.App. 1985). Since in Section 50.335, the Legislature provided that county employees in certain first class counties could be paid either monthly or semimonthly, if they had intended to include employees of second class counties in that pay scheme, they almost certainly would have so indicated. Also the fact that the Legislature did not exclude second class county employees specifically from coverage under Section 50.330 would indicate that the legislative intent was to permit payment of their salaries only once per month.
Applying the principles set forth above to question one, we conclude Section 50.330 applies to second class counties in a mandatory fashion. As to question two, using the above-stated principles, the statute applies to all county employees. If the Legislature had intended to except some employees, they would have so stated. As to question three, employees of second class counties are to be paid only once per month. The answer to question four is yes, a second class county is in violation of this section if it pays its employees more than once a month. Finally, question five is no longer relevant, because of the answers to the previous questions.
In summary, it is the opinion of this office that the provisions of Section 50.330, RSMo 1986, are mandatory and require all employees of a second class county to be paid monthly.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General