Raymond R. RAGLAND, Plaintiff/Respondent,

v.

Paul S. McNEILL, Defendant/Appellant.

No. 53025.

Missouri Court of Appeals, Eastern District, Division One.

March 8, 1988.

Rehearing Denied April 6, 1988.

Glenn Allen Norton, New London, for defendant/appellant.

Gary H. Sokolik, Perry, for plaintiff/respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Missouri Director of Revenue, (hereinafter Director) appeals from the order of the Circuit Court of Ralls County reinstating the driving privileges of respondent, Raymond R. Ragland. The Director had revoked Ragland's driving privileges pursuant to RSMo § 302.304.6 (1986). On appeal, the Director argues that RSMo § 302.304.6 (1986) requires the revocation of Ragland's driving privileges. Finding the Director's contention to be meritorious, we reverse.

The record reveals that Ragland was convicted on December 7, 1967, for driving while intoxicated, in violation of RSMo § 564.440 (1959) (now at RSMo § 577.010 (1986)), and convicted on October 21, 1986, for driving with excessive blood alcohol content, in violation of RSMo § 577.012 (1986). The Director treated the October 21, 1986, conviction as a "first conviction of driving with blood alcohol content of ten-hundredths of one percent or more by weight after a previous conviction for driving while in an intoxicated condition...." RSMo § 302.302.1(8) (1986). The Director therefore assessed twelve points against Ragland's driving record, RSMo § 302.302.1(8) (1986), and revoked his driving privileges for one year pursuant to RSMo § 302.304.6 (1986). Ragland petitioned for review of the revocation, and a hearing was held on March 3, 1987. At the hearing, Ragland argued that only six points should be assessed for the 1986 conviction, asserting that the 1986 conviction should be treated as a first offense as there was no showing that Ragland was represented by counsel at his 1967 conviction and as more than five years separated the two convictions. The trial court determined that six, rather than twelve, points should be assessed against Ragland's driving record. In its order, the trial court decided that this result was mandated because there was no showing that Ragland had been represented by counsel at his 1967 conviction and because the 1967 conviction was more than ten years old.

The proper standard of review is whether the trial court's decree is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares or decides the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Initially, this court observes that RSMo § 302.304.6 (1986) was enacted after Ragland's 1967 conviction for driving while intoxicated. However, RSMo § 302.304.6 does not violate constitutional proscriptions against an *ex post facto* law. *See State v. Acton*, 665 S.W.2d 618, 619 (Mo. banc 1984). Section 302.304.6 does not punish Ragland for his prior conviction; rather, it punishes him as a repeat offender for his latest offense on the basis of a demonstrated propensity for misconduct. *Id.*

The court in *Buehler v. Director of Revenue*, 716 S.W.2d 310, 311 (Mo.App., W.D.1986) determined that a first alcohol related conviction could be used to enhance the period of license revocation for a second alcohol related conviction regardless of the fact that the motorist was not represented by counsel in connection with his first conviction. The enhancement provision at issue in *Buehler* was RSMo § 302.302.1(8) (1986). *Id.* at 310. Thus, no ground exists to attack the assessment of twelve points against Ragland's driving

record on the basis that there was no showing that Ragland was represented by counsel at his 1967 conviction.

■ As for the contention that RSMo § 302.302.1(8) contains an implicit requirement that the two convictions must occur within either five or ten years of each other, this court finds no support. At the hearing, Ragland supported his allegation that the two convictions must take place within five years of each other by citing *Smith v. State*, 677 S.W.2d 920 (Mo.App., W.D.1984). That decision interpreted RSMo § 302.309.3(5)(a) (1986), which statute prohibits the granting of a hardship driving privilege to anyone whose license has been revoked and "who has been convicted for the second time for violating the provisions of section 577.010, RSMo." The statute contains no provision setting forth a time period in which the two convictions must occur. The *Smith* court held that the two prior convictions must take place within a five year period prior to the application for limited driving privileges before denial of those privileges can occur. *Id.* at 923. However, *Smith* is no longer valid precedent in light of the Missouri Supreme Court's holding in *Messer v. King*, 698 S.W.2d 324, 325 (Mo. banc 1985). In *Messer*, the court found that RSMo § 302.060(10) (1986) prohibits the issuance of a license to drive to anyone with two convictions for driving while intoxicated within five years of the second conviction. *Id.* at 325. Applying the Missouri Supreme Court's reasoning in *Messer*, this court explicitly stated that the granting of hardship driving privileges is forbidden to one who has been twice convicted of driving while intoxicated regardless of whether the first conviction occurred more than five years before the application for such privileges.[1] *Appelbaum v. Director of Revenue*, 733 S.W.2d 495, 496–97 (Mo.App., E.D.1987).

Furthermore, and determinative, the present case involves the assessment of points against one's driving record and not the eligibility for hardship driving privileges. Section 302.302, which sets forth the point system, is barren of any provision setting forth a time frame within which the two convictions must occur before increased points may be assessed for a subsequent conviction. A ten year time frame is enunciated in RSMo § 577.020 (1986), which statute provides for enhanced *criminal* penalties for those who are repeatedly convicted of driving while intoxicated. Section 302.302 is not, however, a criminal statute; the assessment of points against a driving privilege is a civil forfeiture, not a criminal proceeding. *White v. King*, 700 S.W.2d 152, 155 (Mo.App., W.D.1985).

Ragland, in the brief which he submitted to this court, alleges that the Director failed to prove by competent and substantial evidence that Ragland was convicted on October 21, 1986, of driving with excessive blood alcohol content. However, at the hearing, the Director admitted into evidence a copy of Ragland's driver's license record. That record shows that Ragland was convicted on October 21, 1986, of driving with excessive blood alcohol content. Additionally, the record was certified by the Director in accordance with RSMo § 302.312 (1986) so as to be admissible into evidence. We hold that the Director showed by competent and substantial evidence that Ragland was convicted on October 21, 1986, so as to warrant the assessment of twelve points against his driving record. *See State v. Flowers*, 597 S.W.2d 276, 277 (Mo.App., E.D.1980); *State v. Huffman*, 627 S.W.2d 672, 672–73 (Mo. App., W.D.1982).

The judgment of the trial court is reversed.

CRIST and SIMON, JJ., concur.

---

1. Subsequent to the decisions cited above, the Missouri General Assembly on July 14, 1987, amended RSMo § 302.060(10) (1986) to provide that the Director shall not issue a license to anyone "who has been convicted twice within a five year period" of driving while intoxicated.