James S. WEIR, Plaintiff–Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Defendant–Appellant.

No. 53481.

Missouri Court of Appeals, Eastern District, Division Three.

March 1, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 15, 1988.

Application to Transfer Denied June 14, 1988.

Sandra A. Mears, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for defendant-appellant D.O.R.

Geoffrey L. Pratte, Farmington, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Director of Revenue, attempts appeal from associate circuit court order overruling Director's motion to quash the judgment of the associate circuit court granting plaintiff, James Weir, limited hardship driving privileges pursuant to Section 302.309 RSMo Supp.1987. The judgment granting limited driving privileges was entered on April 24, 1987. We find the notice of appeal was not timely filed. We dismiss for lack of jurisdiction.

On April 24, 1987, plaintiff petitioned the associate circuit court for limited hardship driving privileges relying on Section 302.-309.3 RSMo Supp.1987. The verified petition included as an attachment petitioner's driving record. The driving record reflects three D.W.I. convictions: the first on August 26, 1974, the second on July 31, 1979, and the third on January 5, 1982. The last conviction occurred more than five years before the petition was filed. *See, Smith v. State,* 677 S.W.2d 920, 923[1] (Mo.App. 1984). The court considered plaintiff's verified petition and issued an order granting hardship driving privileges on April 24, 1987. On April 28, 1987, certified copies of the order were mailed to the Director of Revenue. On May 28, 1987, the Director of Revenue filed a motion to revoke the hardship permit because petitioner had been convicted of three state driving while intoxicated offenses. On June 12, 1987, the Director filed a Motion to Quash Order Granting Limited Driving Privileges and Motion to Dismiss the Application on the ground that the petition was defective and petitioner was ineligible for relief because he did not comply with the requirements of

Section "302.309.3(5), (1986)" and "Section 302.060.9, (1986)." On June 24, 1987, the court overruled the Director's motions to revoke, quash and dismiss the hardship driving permit. On July 13, 1987 the Director of Revenue filed its notice of appeal.

It is well-recognized that the timely filing of a notice of appeal is a jurisdictional requirement and where the issue is not raised by a party, we must sua sponte enquire into the timeliness of the notice. *In re Marriage of Huey,* 716 S.W.2d 479, 480[1] (Mo.App.1986). To be effective, a notice of appeal must be filed no later than (10) days after the judgment or order appealed from becomes final, Rule 81.04(a), absent a special order by the appellate court permitting a late filing of the notice of appeal. Rule 81.07(a).

Section 302.309.3(1) RSMo Supp.1987 states that all circuit courts shall have jurisdiction to hear hardship petitions and such "may be heard and determined by either circuit or associate circuit judges." This provision implies that the application hearing is a circuit court proceeding controlled by circuit court procedures. The Director apparently reached the same conclusion and filed a notice of appeal to this court. No application was made for a trial de novo on the authority of Section 512.-190.1 RSMo 1986. (Effective 1–1–87). We need not decide petitioner's claim that a trial de novo was the sole relief available. However, we do note that Section applies only to cases tried without a jury where the petition claims damages not exceeding five thousand dollars. The present petition was not a claim for damages.

Nor is it necessary for us to decide whether Section 512.180.2 RSMo 1986 (effective 1–1–87) is applicable and authorizes an appeal directly to this court. If that Section applies then Section 512.190.2 RSMo 1986 directs that an appeal from the associate circuit court shall be governed by the same rules applicable to appeals from judgments of the circuit court.

In the present case judgment was rendered on April 24, 1987. The judgment became final thirty days thereafter, May

25, 1987. Rule 81.05(a). The Motion to Revoke filed on May 27, 1987 was filed after the court lost jurisdiction. The ruling on the motion on June 24, 1987 and the notice of appeal filed on July 13, 1987 do not alter the conclusion that a timely notice of appeal was due not later than ten days after May 25, 1987. Rule 81.04(a). The last day notice of appeal could be timely filed was June 4, 1987. The filing on July 13, 1987 came too late. The Director did not seek a special order of this court permitting a late filing of the notice of appeal. Rule 81.07(a). Consequently, the notice of appeal was not timely filed.

The notice of appeal does not attempt an appeal from the order of April 24, 1987 granting limited hardship driving privileges. Rather, it is directed to the post-judgment ruling on the motion to quash entered on June 24, 1987. This motion attacked the judgment of April 24, 1987. Accordingly, it does not purport to be and cannot be considered as an independent proceeding which is capable of supporting an appeal to this court. The Director assumes that the authority of the court to enforce the hardship driving limitations contained in the April 24, 1987 order in some manner withdraws the finality which attaches to the original judgment. We reject such an assumption as being unsupported by any legal authority. Revocation of hardship driving privileges for violation of limitations contained in the permit is an entirely different proceeding and one unrelated to the original order granting driving privileges. The Director's motions are attacks on the original judgment and were filed beyond the period in which circuit judges retain control of judgments.

We are without jurisdiction. Appeal dismissed.

SMITH and KELLY, JJ., concur.