Jerry ROBINSON,
Petitioner–Respondent,

v.

DIRECTOR OF REVENUE State of
Missouri, Respondent–Appellant.

No. 54731.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Jan. 10, 1989.

Van M. Pounds, Government Counsel, Jefferson City, for respondent-appellant.

Charles E. Stine, Jr., Clayton & Stine, Hannibal, for petitioner-respondent.

CRANDALL, Judge.

Appellant, Director of Revenue for the State of Missouri (Director), appeals from an amended order entered by the trial court modifying and extending hardship driving privileges which had previously been granted to respondent, Jerry Robinson, pursuant to § 302.309.3, RSMo (Supp. 1988). We reverse and remand with directions.

On February 9, 1984, Robinson was issued a driver's license under the one-time exception of § 302.060(9), RSMo (Supp. 1988). Robinson's driver's license was revoked on May 7, 1985, because of his refusal to take a chemical test. See § 577.041.1, RSMo (Supp.1988). On July 3, 1985, he filed a "Petition for Limited Driving Privilege." At that time, his driving record included four State driving while intoxicated (D.W.I.) convictions: one on June 29, 1966; one on January 9, 1970; one on September 16, 1971; and one on July 9, 1984. In addition, there was a fifth D.W.I. conviction on December 7, 1976, which arose from a municipal violation. The parties agree that the State D.W.I. conviction of

September 16, 1971 was a felony. On July 30, 1985, the trial court granted Robinson hardship driving privileges for one year.

On March 21, 1988, under a theory of "continuing jurisdiction," the trial court entered an order amending its order of July 30, 1985. The order extended the hardship driving privileges to July 24, 1994. On April 15, 1988, Director filed a motion to set aside the order of March 21, 1988, seeking to intervene as a party because of his duties under Chapter 302 and his general statutory responsibilities.

On April 19, 1988, Director's motion to set aside was heard and denied *on the merits*. On April 26, 1988, Director filed a notice of appeal to this court. On April 28, 1988, Robinson filed in the trial court a motion to dismiss or to strike the appeal alleging, *inter alia*, that Director was not a real party in interest. On May 20, 1988, the trial court sustained Robinson's motion to dismiss the notice of appeal.

Director then appealed, raising two points of error. Robinson moved to dismiss the appeal. We first address the three points raised by Robinson in his motion to dismiss.

■ Robinson first contends that the ruling of the trial court is not appealable to this court because the orders appealed from were entered by the Associate Court and not the Circuit Court of Ralls County, Missouri, and are therefore subject to a de novo hearing in circuit court. Section 302.-309.3(1), RSMo (Supp.1988) implies that jurisdiction to hear an application for hardship driving privileges is vested in the circuit court and controlled by circuit court procedures even if filed, as in the instant action, in the associate circuit court. *Weir v. Director of Revenue*, 750 S.W.2d 80, 81 (Mo. App.1988). Section 512.180.1, RSMo (1986) provides for a trial de novo in certain cases filed before an associate circuit judge where the claim of damages does not exceed $5,000. Section 512.180.2, RSMo (1986) covers all other cases and provides for an appeal to the appropriate appellate

court. This is not a claim for damages of less than $5,000. *See Weir*, 750 S.W.2d at 81. Therefore, Director properly appealed to this court in lieu of seeking a trial de novo in the circuit court. *See Id.; see also Appelbaum v. Director of Revenue*, 733 S.W.2d 495 (Mo.App.1987).

■ In the second part of his motion to dismiss, Robinson claims that Director lacks standing to appeal because Director was not a party to the proceedings below. Director, in his official capacity as a state officer, has the ultimate duty and responsibility for the issuance, suspension and revocation of operator's licenses. *Laiben v. State*, 684 S.W.2d 943, 945 (Mo.App.1985). Director is a necessary party to such proceedings; and the failure to make Director a party deprives the lower court of jurisdiction to hear the matter. *Id.* Although the present case does not involve the issuance, suspension or revocation of a driver's license, by analogy it would seem that Director should also be a party to actions in which the driver is seeking hardship driving privileges. It is axiomatic that there should be some representation by the State in a proceeding related to the granting of a hardship license to ensure statutory compliance.

■ Whether Director is in fact a necessary party to the action below, however, is academic. In the present case, Director was a party to the action, at least as of April 19, 1988. On April 15, 1988, Director filed a motion to set aside. On April 19, 1988, that motion was heard on the merits without any objection on the record to Director's participation as a party. On April 26, 1988, Director filed a notice of appeal. No objection was raised to Director as a party until April 28, 1988, after the matter was not properly before the trial court. Director is therefore a party to the present action by reason of his unchallenged intervention at the trial level. *See* Rule 52.12.

■ The third part of Robinson's motion to dismiss alleges that this court does not have jurisdiction because the trial judge dismissed Director's notice of appeal in the associate circuit court. Under Rule 75.01 a trial judge has control of a judgment for 30 days after entry. After a notice of appeal has been filed and before filing the record on appeal, after the 30 day period the trial court "may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal." Rule 75.01. Here, there was no withdrawal of the appeal. The trial court lost jurisdiction to take any judicial action after 30 days following the final judgment of March 21. The filing of the notice of appeal on April 26, divested the trial court of its jurisdiction and vested jurisdiction in the court of appeals. *See Love v. First Crown Financial Corp.*, 662 S.W.2d 283, 285 (Mo.App.1983).

■ Moreover, the dismissal of the notice of appeal by the trial court was without legal effect. The trial court is not the arbiter of the validity of a notice of appeal or of the right to appeal. Once the notice of appeal is filed with the appropriate appellate court, it is within the purview of that appellate court alone to determine if the appeal should be taken or dismissed.

In summary, we hold that Director properly appealed to this court, that Director is a party to the appeal, and that the trial court exceeded its authority when it dismissed the appeal. Robinson's motion to dismiss is denied.

We now turn to the merits of Director's appeal.[1] In his first point, Director asserts that the trial court erred in approving hardship driving privileges for Robinson because Robinson was barred by the applicable statutes because he had "been convicted four times of violating the laws of this state relating to driving while intoxicated...."

■ Hardship privileges are a matter of grace, not a matter of right. *Williams v.*

---

1. We note that Robinson does not respond to the issues raised by Director, but apparently

elects to stand on his motion.

*Schaffner,* 477 S.W.2d 55, 57 (Mo. banc 1972). The granting of hardship driving privileges is discretionary, based upon the "the circumstances of the case." Section 302.309.3(2), RSMo (Supp.1988). Under the statute, even if the driver complies with the statutory requirements, the determination as to whether or not to grant driving hardship privileges remains discretionary with the court.

On appeal, Director does not challenge the trial court's grant of hardship driving privileges to Robinson on the basis of an abuse of discretion. We address the issue tangentially because the present case is a paradigm of a case in which the trial court's exercise of discretion is questionable. Even if hardship driving privileges were permitted by the existing statutes, a driver who has four State convictions of driving while intoxicated and has had his license revoked for refusing to take a breath test should not be a leading candidate for judicial grace. Robinson's repeated abuse of the privilege of operating a motor vehicle warrants censure.

■ Based upon § 302.309.3(5)(a), RSMo (Supp.1988), however, Robinson was not eligible to receive hardship driving privileges. At the time he applied for the original hardship privileges in July 1985, he had "been convicted of [a] felony in the commission of which a motor vehicle was used...." *See* § 302.309.3(5)(a). The trial court, therefore, improperly granted the initial hardship driving privileges in July 1985. Because Robinson was ineligible to receive hardship driving privileges in July 1985, the trial court's extension of the time for those privileges in its March 1988 order was also improper.

■ In his second point, Director contends that the trial court erred in amending its order which approved hardship driving privileges for Robinson because the court lacked jurisdiction to enter such a judgment.

On July 30, 1985, the trial court granted Robinson hardship driving privileges through July 29, 1986. On March 21, 1988, the court amended its order and intended to extend those privileges through July 24, 1994. The court premised the amendment of the order on its continuing jurisdiction over the matter.

Even if we assume that the trial court's grant of hardship driving privileges on July 30, 1985, was proper, the privileges expired one year from that date. Any continuing jurisdiction that the court may have had ended at that time. There was nothing left to extend or to modify. The trial court's purported extension of Robinsons' hardship driving privileges amounted to the grant of a second hardship driving privilege within five years which is prohibited by § 302.309.3(5)(d), RSMo (Supp.1988).

The judgment of the trial court is reversed and remanded with directions to enter an order denying Robinson's petition for hardship driving privileges.

PUDLOWSKI, C.J., and GRIMM, JJ., concur.