**Michael John HIGGINS, Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE of MISSOURI, Defendant–Appellant.**

**No. 16296.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 16, 1989.

William L. Webster, Atty. Gen., Mary Browning, Sp. Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Carol T. Aiken, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for plaintiff-respondent.

HOLSTEIN, Judge.

This is an appeal from an order amending a previous order granting respondent Michael John Higgins a limited hardship driving privilege. § 302.309.3.[1] The amended order was entered more than thirty days after the original order. For the reasons discussed below, the amended order is reversed.

On December 15, 1988, Higgins filed an application for a limited hardship driving privilege. The application alleged that he was notified on May 23, 1988, that his driving privileges were revoked for one year beginning May 11, 1988. The application also alleged that the revocation had resulted in undue hardship in Higgins' ability to earn a livelihood. He attached a copy of proof of financial responsibility. Also attached to and incorporated as part of the application is what purports to be a "True and Accurate" copy of his driving record, although the document has no signature of any certifying official. The driving record reflected six different traffic convictions since March 3, 1987. The most recent was a March 19, 1988, conviction for driving while his operator's license was

1. Unless otherwise indicated, references to stat- utes are to RSMo Supp.1988.

suspended. According to the application, Higgins had accumulated a total of thirty four points. *See* § 302.302, RSMo 1986.

On December 16, 1988, a hearing was held and an order entered granting Higgins' application for hardship driving privileges. It provided, "This limited driving privilege is for the period stated in the revocation notice from the Department of Revenue (i.e., one year from May 11, 1988) unless hereafter revoked because of violation of the laws by Petitioner after the date of this order."

On February 22, 1989, a motion to amend the order was filed by Higgins. It alleged that the driving record filed with the original application "did not accurately reflect" his latest revocation which resulted from a November 15, 1988, plea of guilty to a traffic violation in Pettis County. He complained that the Department of Revenue had "failed to put the revocation for the November 15, 1988 guilty plea on his driving record until January 31, 1989," causing him to believe "that the latest revocation on his record occurred on May 11, 1988." Higgins sought an amendment of the order granting a hardship driving privilege until January 31, 1990. No certified copy of the corrected driving record was ever filed. The motion did not reveal the nature of the November 15, 1988, traffic conviction. Documents filed later by the Director indicated there were two convictions. One was for driving while Higgins' operator's license was suspended and the other was a "miscellaneous" traffic offense. The convictions resulted in an assessment of an additional fourteen points. On February 24, 1989, an amended order was filed extending the period of hardship driving privilege to January 31, 1990.

On March 13, 1989, the Director filed a motion to intervene and to set aside the amended order of February 24, 1989. That motion claimed, "As the original order was entered on December 16, 1988, it became final on January 15, 1989 and the Court had no jurisdiction to amend the order." It further asserted, "A person whose driving privilege in Missouri has been suspended or

revoked is only entitled to one limited driving privilege within five years.... Section 302.309.3(5)(d) RSMo. (Supp.1988). Amending a previous grant of Hardship Driving Privilege circumvents this law." On the same date, March 13, the Director was permitted to intervene. On March 23, 1989, the Director's motion to set aside the amended order was overruled. This appeal followed.

The Director relies on two cases in support of his contention that the order entered February 24, 1989, should be reversed, *Robinson v. Director of Revenue*, 762 S.W.2d 872 (Mo.App.1989), and *Weir v. Director of Revenue*, 750 S.W.2d 80 (Mo. App.1988).

In *Robinson* the trial court granted a hardship driving privilege for one year beginning July 30, 1985. 762 S.W.2d at 873. On March 21, 1988, under a "continuing jurisdiction" theory, the trial court amended the July 30, 1985, order extending the hardship driving privilege to July 24, 1994. *Id.* On April 15, 1988, the Director moved to set aside the March 21, 1988, order. *Id.* On April 19, 1988, the trial court overruled the Director's motion. After noting that the trial court premised its amendment on continuing jurisdiction, the appellate court stated, "Even if we assume that the trial court's grant of hardship driving privileges on July 30, 1985, was proper, the privileges expired one year from that date." *Id.* at 875. The trial court was reversed. The opinion stopped short of actually holding that "continuing jurisdiction" exists and, if so, the circumstances under which it may be exercised.

In *Weir* a judgment granting hardship driving privileges was rendered April 24, 1987. The Director filed a "motion to revoke" on May 28, 1987, which was overruled on June 24, 1987. The Director filed a notice of appeal on July 13, 1987. The court held that the judgment of April 24, 1987, became final thirty days after being entered. 750 S.W.2d at 81–82; Rule 81.-05(a).[2] The appeal was dismissed as untimely. *Id.* at 82. In reaching its decision

---

**2.** Rule references are to Missouri Rules of Court (20th ed. 1989).

the court said, "The Director assumes that the authority of the court to enforce the hardship driving limitations contained in the April 24, 1987 order in some manner withdraws the finality which attaches to the original judgment. We reject such an assumption as being unsupported by any legal authority." *Id.*

*Weir* illustrates that a judgment entered in a case involving an application for hardship driving privilege is like all other judgments with respect to when the judgment becomes final. Higgins' brief attempts to distinguish *Weir,* claiming that the case only decided the question of finality of the judgment for purposes of appeal, but not finality of the judgment for other purposes. Such distinction is not supported by any case law, rules, statutes or any sound reason.

■ Respondent seeks to find support for his position in Boulware, Op.Att'y Gen. No. 291 (1964). An opinion of the attorney general is not binding on the courts or the citizenry, but it may be, and often is, persuasive. *Mesker Bros. Indus. v. Leachman,* 529 S.W.2d 153, 158 (Mo.1975). The *Boulware* opinion notes that the statute authorizes the court to "grant such limited driving privilege as the circumstances of the case may justify." § 302.309.3(2). The opinion goes on to say that if an applicant for a hardship driving privilege violates the terms and conditions of the order, "[t]he court must retain jurisdiction to revoke the order in the event of violation or to modify it if there should be a change in circumstances." The opinion does not discuss the statutes and rules relating to finality of judgments. It relies entirely on general statements of law to the effect that courts have inherent power to control and prevent abuse of their orders to preserve the court's own existence and function as a court, irrespective of legislative or constitutional grant. *See* 21 C.J.S. *Courts* § 88 (1940), and *State ex rel. Gentry v. Becker,* 351 Mo. 769, 174 S.W.2d 181, 183 (1943).

It is only on rare occasion that courts have, or should, resort to the exercise of inherent powers. One inherent power is the power of courts to punish for contempt.

The power is exercised "only if the judicial function is integrally threatened." *In re Estate of Dothage,* 727 S.W.2d 925, 927 (Mo.App.1987). The contempt power is to be exercised sparingly, wisely, temperately, and with judicial self-restraint. *Id.* The court's inherent power has been relied on when necessary in order to appoint personnel and pay expenses essential to the court's existence and function. *State ex inf. Anderson v. St. Louis County,* 421 S.W.2d 249, 255 (Mo.1967). "The limitation on the courts' inherent power is that the expense incurred or the thing done must be reasonably necessary to preserve the courts' existence and protect it in the orderly administration of its business." *State ex rel. Geers v. Lasky,* 449 S.W.2d 598, 601 (Mo. banc 1970).

■ In this case there is nothing to indicate that the court is integrally threatened or that the existence and function of the court requires the amendment of Higgins' hardship driving privilege. Neither the *Boulware* opinion nor the authority cited therein gives trial courts inherent power to modify, amend, or revoke judgments which have become final. There may be a case in which a trial court may impose appropriate judicial sanctions against one who has violated limitations or restrictions found in a hardship driving privilege order. However, that is not the situation presented here.

As noted in *Weir,* a judgment granting a hardship driving privilege is final thirty days after entry of the judgment. With certain exceptions, which will be discussed below, a final judgment is beyond the reach of a trial court to alter or vacate. *Godsy v. Godsy,* 565 S.W.2d 726, 732 (Mo.App.1978); Rule 81.05.

Rule 74.06(b), effective January 1, 1988, prescribes the conditions and circumstances under which a party may obtain relief from a judgment or order after it has become final. That rule provides that a court may relieve a party or his legal representative from such judgment because of (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an ad-

verse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it has been based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force. To obtain relief on grounds (1), (2), or (3), a motion must be made within one year after the judgment or order is entered. Rule 74.06(c). Respondent's motion did not characterize itself as a claim for relief under Rule 74.06(b), and he does not claim the benefit of that rule in this appeal.

Even if we treat the motion to amend as a motion under Rule 74.06(b), the only conceivable basis for relief is that the original judgment was the result of "mistake, inadvertence, surprise, or excusable neglect." The case law developed prior to adoption of Rule 74.06(b) permitted equitable relief from judgments for essentially the same reasons provided in the rule. Judgments could be set aside if obtained because of accident, mistake, inadvertence, surprise, or unavoidable circumstances *"unmixed with neglect or inattention"* on the part of the one seeking relief. *Sprung v. Negwer Materials, Inc.,* 775 S.W.2d 97 (Mo. banc 1989); *Hamm v. Hamm,* 437 S.W.2d 449, 453 (Mo.App.1969) (emphasis in original).

Respondent was negligent in failing to accurately report his own driving record in the original application. Higgins was in as good a position as the Director to determine the correctness of the driving record which accompanied his original application for a hardship driving privilege. There is no claim that Higgins was not, or could not have been, aware of the November 15, 1988, traffic convictions. His neglect and inattention cannot be attributed to the Director. No basis exists for characterizing respondent's neglect as "excusable."[3] He is not entitled to relief under Rule 74.06(b).

The trial court had no jurisdiction to enter the February 24, 1989 order amending the prior order granting hardship driving privileges to respondent. Accordingly, the amended order is reversed.

CROW, P.J., and GREENE, J., concur.

---

**3.** For a discussion of "excusable neglect," *see* Laughrey, *Judgments—The New Missouri Rule,* 44 Mo.B.J. 11, 18 (1988).