**Vernando Gregory BURNS, Jr., Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 42418.**

Missouri Court of Appeals,
Western District.

March 6, 1990.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

M. Christian Lewis, Kansas City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and BERREY, JJ.

LOWENSTEIN, Judge.

Because of an accumulation of points the respondent Burns had his drivers license revoked commencing July 20, 1988 through July 19, 1989. Burns applied for and obtained a court order on January 19, 1989, granting him a hardship privilege through July 19, 1989. In his application for hardship privilege under Chapter 302, RSMo Supp.1989, Burns named the "Director of Revenue" as respondent, and the legal file shows a copy sent to the prosecuting attorney. Then, in November 1989, Burns filed a motion for an "amended order" to extend the hardship period to reflect a longer period of revocation because "[s]ubsequent to the granting of applicant's hardship privilege, it was ascertained that applicant had a traffic ticket for driving while suspended on a date that preceded the granting of the hardship ..." The trial court entered an "amended order," extending the hardship until April 19, 1990.

The director has appealed and Burns has rested on his trial court victory without filing a respondent's brief or arguing the case on February 14, 1990. The Supreme Court of Missouri has just handed down, *Munson, et al. v. Director of Revenue,* 783 S.W.2d 912 (Mo. banc 1990), in which the court ruled the procedure set out in § 302.309.3 does not contemplate participation by the director, and are *ex parte* proceedings. With two justices dissenting, *Munson* holds the director, not being a party, may not file on appeal. At p. 915. The first question is whether the director has standing to appeal in this case in light of *Munson.* *Munson,* relying on *State ex rel. St. Louis Public Serv. Co. v. McMullan,* 297 S.W.2d 431, 436 (Mo. banc 1956), in defining a "party" includes, "... a person who is designated on the record case plaintiff or defendant." At 915. Since Burns himself made the Director of Revenue a party, he may not, even *in absentia,* be successful on appeal by claiming the appellant is a non-party. The hardship driving statutorial procedure, as interpreted in *Munson,* leaves a hole literally wide enough to drive any motorized vehicle through, calling for swift action by the General Assembly.

Having determined the appellant to be a party, the court takes up the merits of the appeal. In *Robinson v. Director of Revenue,* 762 S.W.2d 872 (Mo.App.1989), the court was confronted with similar facts, and held that even if the trial court retained "continuing jurisdiction" to amend the judgment after 30 days, there was "nothing left to extend or modify," since Section 302.309.3(5)(d), RSMo 1986, expressly prohibits a second hardship privilege within five years. *Id.* at 875.

In *Higgins v. Director of Revenue,* 778 S.W.2d 24 (Mo.App.1989), the driver obtained a hardship order on December 6, 1988. Then, on February 24, 1989, he was granted an amended order reflecting a longer period of hardship to coincide with an extension of the revocation based on a later driving conviction. *Id.* at 25. The court, relying in part on *Weir v. Director of Revenue,* 750 S.W.2d 80 (Mo.App.1988), ruled, "a judgment granting a hardship driving privilege is final thirty days after entry of the judgment." *Id.* at 26. As the Southern District observed, the driver's motion did not properly "characterize itself

as a claim for relief under Rule 74.06(b) and he does not claim the benefit of that rule in this appeal." *Id.* at 27. Such is the situation in the case at bar where the driver has not filed a brief. The *Higgins* court went on to say even if the motion were treated as a claim for Relief From a Judgment or Order under Rule 74.06, since the prerequisites of paragraphs (b) and (c) of the rule had not been met, the request for relief should be denied. *Id.* at 25–6. Rule 74.06(b) allows relief when the original judgment was the result of "mistake, inadvertence, surprise or excusable neglect."

*Id.* Such is not the case here. The trial court was presented no justification under Rule 74.06 to set aside the final judgment of January 19, 1989, and had no jurisdiction to enter the order extending the privilege.

The amended order is reversed.