**Vicky Lynn HOLZHAUSEN, Respondent,**

v.

**Gerhart HOLZHAUSEN III, Appellant.**

**No. 59071.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 17, 1991.

Riezman & Blitz, Robert D. Blitz, John E. Bardgett, Clayton, for appellant.

Hardy C. Menees, Clayton, for respondent.

CRIST, Judge.

Appeal from an order sustaining Wife's amended motion for new trial. Reversed.

Husband asserts the trial court had no jurisdiction to grant a new trial on an untimely amended motion. Wife does not question the untimeliness of the amended motion for new trial, but asserts the order was proper under Rule 74.06(b)(2) or (b)(5). Rule 74.06(b) in part is as follows:

> On motion ... the court may relieve a party ... from a final judgment or order for the following reasons: ... (2) fraud ..., misrepresentation, or other misconduct of an adverse party; ... or (5) it is no longer equitable that the judgment remain in force.

On June 14, 1990, the trial court entered a decree of dissolution. On June 28, 1990, Wife filed a motion for new trial, or in the alternative to amend judgment. On September 18, 1990, Wife filed an amended motion for new trial. She incorporated the provisions of the original motion, but asked for a new trial based upon newly discovered evidence. The newly discovered evidence was that Husband had additional marital property, cash for which he took credit in his accounting statements as "unloading expenses." On September 20, 1990, the trial court sustained Wife's amended motion for new trial, set aside the decree of dissolution, and ordered a new trial on all issues.

The motion was not submitted as a Rule 74.06(b) motion, and the trial court did not consider it as a Rule 74.06(b)(2) or (b)(5) motion. In its order, the trial court referred to the motion as an amended motion for new trial. The court stated that pursuant to Rule 78.03, the grant of the new trial

was based upon the allegations and affidavits of newly discovered evidence set forth in the amended motion for a new trial. The original motion did not contain this basis. The court did not find fraud, misrepresentation or other misconduct of the husband, nor did it find the judgment was no longer equitable in light of the newly discovered evidence, as it would have to have done under Rule 74.06(b)(2) or (b)(5). In order for the court to base its order on the amended motion, the motion would have to have been filed within fifteen days after the entry of the decree of dissolution. Rule 73.01(a)(3); *Morgan v. Wartenbee,* 569 S.W.2d 391, 396[5] (Mo.App.1978); *and see Higgins v. Director of Revenue,* 778 S.W.2d 24, 26, 27[3] (Mo.App.1989).

Wife also relies on *McKarnin v. McKarnin,* 795 S.W.2d 436 (Mo.App.1990), and *Chrun v. Chrun,* 751 S.W.2d 752 (Mo.banc 1988), to support her proposition that an untimely amended motion can be sustained on the basis of Rule 74.06(b)(2) or (b)(5). These cases are inapposite in that motions for new trial were not in issue, and they did not support Wife's proposition.

Judgment reversed.

PUDLOWSKI, P.J., and AHRENS, J., concur.