Freddie and Barbara **WOOTEN,**
**Plaintiffs/Appellants,**

v.

**Larry C. WILLIAMS,**
**Defendant/Respondent.**

No. 60041.

Missouri Court of Appeals,
Eastern District,
Division One.

April 14, 1992.

V.A.M.R.

Paul G. Henry, St. Louis, for plaintiffs/appellants.

Mason W. Klippel, Clayton, for defendant/respondent.

GARY M. GAERTNER, Judge.

Appellants, Freddie and Barbara Wooten, appeal from a January 31, 1991, order of the Circuit Court of the County of St. Louis dismissing their petition for collection of back rent with prejudice. We dismiss the appeal.

On October 11, 1990, appellants filed an action for the collection of $17,714.29 in rent due from respondent, Larry C. Williams. Respondent filed an answer and counterclaim on November 15, 1990, in excess of $30,000.00 and alleging, *inter alia,* conversion and fraud. On December 20, 1990, the action was set on the Call Docket for January 31, 1991, in the Circuit Court of the County of St. Louis. Subsequently, appellants dismissed their counsel who filed a motion to withdraw on January 22, 1991. Appellants failed to appear on January 31, 1991, and the court dismissed the case with prejudice upon motion of the respondent. At the same time respondent dismissed his counterclaim.

On February 22, 1991, new counsel for appellant entered his notice of appearance. Simultaneously, counsel also filed what appears to be a Rule 75.01 motion to vacate the January 31st order. The entirety of this motion stated "Comes [sic] now plaintiffs and moves this court to vacate the order of January 31, 1991, dismissing plaintiff's cause with prejudice." This motion was heard and denied on April 4, 1991. The present appeal was filed on April 15, 1991.

A careful review of the record indicates that the appeal of the January 31st order was untimely filed. A judgment becomes final 30 days after it has been entered if no motion for a new trial is filed. Rule 75.01; 81.05(a). Appellants filed no motion for a new trial. Therefore, the trial court's order of January 31, 1991, dismissing appellants' cause of action became final on March 4, 1991.[1] One seeking an appeal of a final order or judgment shall file the appeal "not later than ten days after the judgment or order appealed from becomes final." Rule 81.04(a). Appellants, then, had until March 14, 1991, to file a timely notice of appeal of the January 31st Order. However, the notice was not filed until April 15, 1991, thirty-two days after the time for appeal had run. The filing of a timely notice of appeal is mandatory and jurisdictional. *Gollehon v. Branson,* 603 S.W.2d 56, 57 (Mo.App., S.D.1980). When an appeal is untimely, this court has no jurisdiction and the appeal must be dismissed. *Id.* Appellants did not request leave to file a late appeal and none was

---

1. The thirtieth day, March 2, 1991, fell on a Saturday. Pursuant to Rule 44.01(a), governing the computation of time, the January 31st Order

granted. See Rule 81.07. Point denied.[2] The appeal is dismissed.

REINHARD, P.J., and CRANE, J., concur.

---

then became final on the following Monday, March 4th.

**2.** Respondent treats appellant's motion in this case as if it were a motion under Rule 74.06 rather than 75.01. Appellants have not treated their motion as a 74.06 motion on appeal and

we note that their failure to specifically rely on Rule 74.06 in their motion is sufficient, in itself, to deny them the benefits of the Rule. *In re Marriage of Turner,* 803 S.W.2d 655 (Mo.App., S.D.1991); *Burns v. Director of Revenue,* 784 S.W.2d 918 (Mo.App., W.D.1990).