**William A. THOMAS, et al., Appellants,**

v.

**GRANDVIEW HEIGHTS REDEVELOPMENT CORPORATION, et al., Respondents.**

No. 72209.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 16, 1997.

Melvin L. Raymond, Carolyn M. Whitehorn, Wilson & Associates, St. Louis, for appellants.

Richard A. Wunderlich, Jeana D. McFerron, St. Louis, for respondents.

AHRENS, Presiding Judge.

Plaintiffs, Tommie and Angela Smith, filed a quiet title suit against defendants/third party plaintiffs, William Thomas, Grandview Heights Redevelopment Corporation and Grandview Heights, Ltd. Third party plaintiffs subsequently filed a petition against third party defendants, Community Title Company and Stewart Title Guaranty Company, seeking indemnification for any losses they may suffer in the quiet title action. The trial court dismissed plaintiffs' quiet title action for failure of prosecution and also dismissed all third party claims. Third party plaintiffs appeal the dismissal of their third party claims. Because the trial court did not denominate its order as a "judgment", we do not have jurisdiction to address the merits of the appeal. Appeal dismissed.

Plaintiffs filed the quiet title action in October, 1994. Third party plaintiffs filed their third party petition seeking indemnification for their costs in the quiet title action in October, 1996. The trial court set a trial date of November 18, 1996. However, neither the plaintiffs nor the third party plaintiffs appeared at trial on that date. The trial court immediately dismissed the plaintiffs' quiet title claim for failure to prosecute but set aside its order on November 25, 1996.

The trial court then set January 27, 1997 as the new trial date. Once again, both plaintiffs and third party plaintiffs failed to appear at trial. The trial court again dismissed plaintiffs' claim for failure to prosecute. However, counsel for third party plaintiffs appeared later that day and the court agreed to set a new trial date of April 7, 1996.

The trial court next entered an order dismissing the plaintiffs' quiet title claim for failure to prosecute the claim on January 30, 1997. The trial court, relying on Federal Courts' interpretation of the Federal Rules, also dismissed all third party claims because it dismissed the quiet title claim. Third party plaintiffs filed a motion to set aside the dismissal with respect to their third party indemnification claim. The trial court denied the motion on February 7, 1997. This appeal follows.

■ An aggrieved party may only appeal from a final judgment of the trial court. Section 512.020. A judgment is a writing signed by a judge and denominated as a "judgment". Rule 74.01(a). It must be clear from the body of the writing or from the docket entry that the trial judge has denominated the writing as a "judgment". *City of St. Louis v. Hughes,* 950 S.W.2d 850 (Mo. banc 1997).

■ In the instant case, the trial court denominated its dismissal as "order". Also, the trial court denominated its denial of the third party defendants' motion to set aside the dismissal as "memorandum for clerk". Further, there is nothing in either the body of the writing or in the docket entries that suggest that the trial court denominated any document a "judgment". Thus, we conclude that the trial court did not enter a final judgment under Rule 74.01(a). Accordingly, we do not have jurisdiction to review the merits of third party plaintiffs' appeal.

Both third party defendants have also filed motions to dismiss third party plaintiffs' appeal for lack of jurisdiction. Third party defendants argue that because the trial court's dismissal of third party plaintiffs' claims was without prejudice, it does not dispose of all the contested issues in the case. Third party plaintiffs contend that the effect of the dismissal, although without prejudice, was to make a final disposition of their pending claim, and the statute of limitations can toll against refiling their claim. The parties have not briefed the issue of whether the savings statute, section 516.230 RSMo. (1994), would enable a third party plaintiff to refile its claim in the same court. Because we do not have jurisdiction over this appeal on the grounds that the trial court did not enter a judgment, we need not pass on the merits of third party defendants' argument.

The appeal is dismissed.

CRANDALL and KAROHL, JJ., concur.