**K. KHAN, INC. and Shakil Khan and Kamran Khan, Plaintiffs/Appellants,**

v.

**Eric WORTHAM and Wortham Development, Inc., Defendants/Respondents.**

Nos. 72263, 73391.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 13, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 19, 1999.

Application for Transfer Denied
Feb. 23, 1999.

Gary J. Morris, Clayton, Michael A. Gross, Cynthia A. Sciuto, St. Louis. for plaintiffs/appellants.

Charles W. Bobinette, St. Louis, for defendants/respondents.

PUDLOWSKI, Presiding Judge.

This appeal arises from breach of a subfranchisee agreement for the operation of a pizza restaurant and a subsequent judgment enforcing a settlement agreement and a judgment for contempt for failure to comply with an injunctive order. On 26 February 1995, Eric Wortham and Wortham Development, Inc. (collectively, "Wortham") entered into a subfranchise agreement with K. Khan, Inc., Kamran Khan, and Shakil Khan (collectively, "Defendants") for the operation of a Pizza Chef Gourmet Pizza restaurant in South Saint Louis County ("the Tesson Ferry store"). Additionally, on 10 August 1995, the parties entered into a licensing agreement for a Pizza and Pasta Chef restaurant located on South Lindbergh ("the South Lindbergh store").

Under the terms of their agreement, Defendants agreed to pay Wortham Development, Inc. an initial payment, a management fee of 1 percent of the gross monthly revenues, and an advertising fee of up to 2 percent of gross monthly revenues when Wortham Development, Inc. owned, managed, operated or licensed a specific number of pizza locations. If these fees were not timely paid, Wortham Development, Inc. had the right to cancel and terminate all of Defendants's rights under the agreement. In exchange for these conditions, Defendants were granted the right to use the recipes, policies and techniques of Wortham Development, Inc..

There were two civil suits filed by Wortham which were consolidated at the trial level. In April 1996, Wortham filed suit ("number 688672") against Defendants seeking injunctive relief and money damages for an alleged breach of their agreement regarding the Tesson Ferry store's licensing agreement. Wortham posted bond and the trial court temporarily enjoined Defendants from operating the Tesson Ferry store using the "Pizza Chef" name, system, recipes or other rights as granted in the 26 February 1995 licensing agreement. On 29 April 1996, Wortham filed a motion for contempt due to the failure to comply with the court's order. Further proceedings were stayed pending Defendants's filing notice of removal to the United States District Court.

Wortham filed a second suit against Defendants ("number 691171") in June 1996 alleging that the continued operation of the Tesson Ferry store injures Wortham's business reputation or dilution of the distinctive quality of its registered mark. Wortham posted bond. The preliminary injunction hearing was set for 8 July 1996, however, proceedings were stayed pending Defendants's motion to remove the case to federal court. On 11 August 1996, the United States District Court granted Wortham's motion to remand both causes to the circuit court of Saint Louis County for trial. The trial court issued its judgment in number 691171 and number 688672 on 15 November 1996. The judgment in number 688672 assessed fines against K. Khan, Inc., Kamran Khan, and Shakil Khan and in number 691171 judgment the court ordered injunctive relief and money award for the breach of contract agreement.

Defendants filed a motion for new trial in regard to number 688672. The trial court denied this motion on 17 March 1997. On 21 March 1997, Defendants timely filed notice of appeal in number 688672.

This Court remanded number 688672 on 2 June 1997. Accordingly, the trial court held a hearing as directed by this Court in June 1997 and rendered its judgment on 9 September 1997. Defendants filed notice of appeal on 17 October 1997.

Timely filing of notice of appeal is jurisdictional. *In re Lunar Tool & Machinery, Inc.*, 857 S.W.2d 322, 324 (Mo.App. E.D. 1993). The judgment regarding number 691171 was rendered on 15 November 1996. There were no post-trial motions filed regarding that case. Hence, the judgment for 691171 became final for the purpose of appeal on 15 December 1996. Defendants then had ten days in which to file a notice of appeal. The notice of appeal for cause num-

ber 691171 was not timely filed. Rule 81.05; Rule 81.07. Therefore, this Court lacks jurisdiction to consider that appeal and it must be dismissed. Defendants second notice of appeal for cause number 688672 was timely filed. Accordingly, we address Defendants's alleged point of error in that case.

The trial court awarded respondents a $150 per diem contempt fine, retroactive to 15 November 1996 which resulted in a sum of $44,700 and awarded a fine of $150 per diem prospectively from the date of the 9 September judgment until the Defendants purge themselves of the contempt.

■ Defendants allege that the trial court erred in awarding a per diem civil contempt fine because it was, in effect, 1) an inappropriate lump sum fine, 2) unsupported by the evidence of damages and 3) unreasonable under the circumstances. A civil contempt fine seeks to coerce compliance with a court's judgment. *Levis v. Markee*, 771 S.W.2d 928, 932 (Mo.App. E.D.1989). A per diem fine which expires when the contemnor complies with the order is proper. *Id.* Civil contempt is intended to benefit a party who has a judgment and to coerce compliance with that judgment. *State ex rel. Chassaing v. Mummert*, 887 S.W.2d 573, 578 (Mo. banc 1994).

■ In *International Motor v. Boghosian Motor*, 870 S.W.2d 843, 850 (Mo.App. E.D. 1993), this Court found a lump sum of $54,-099.50 an appropriate compensatory fine. A court may levy a compensatory fine against the violator payable to the plaintiff. *Id.* We must keep in mind the original judgment included an issuance of an injunctive order enjoining Defendants and anyone acting on their behalf to use Wortham's business name, the system, the recipes or other rights granted under the agreement.

The evidence revealed Defendants failed to comply with the injunctive order and contemptuously ignored such order.

In addition Wortham served upon Defendants a subpoena duces tecum for the production of documents, including tax returns, records of current profit and loss statements and bank records for each person and the three stores. A partial compliance of the requested financial documents was produced the eve of the trial. Testimonial evidence of Kamran Khan and Shakil Khan along with the documentary evidence was sufficient for the trial judge to have reasonably adduced the amount of profit that Defendants made and sagaciously awarded the $150 per diem fine.

The trial court did not err in assessing the per diem fine in order to compel Defendants to comply with its prior order.

Judgment affirmed in part and dismissed in part.

CRANDALL and AHRENS, JJ., concur.