Ronald MOSS, Christopher M. Ashley, and James Corcoran, Appellants,

v.

HOME DEPOT USA, INC., and City of Green Park, Missouri, Respondents.

No. 74101.

Missouri Court of Appeals, Eastern District, Division One.

April 6, 1999.

---

Lionel L. Lucchesi, Philip B. Polster, II, St. Louis, for appellants.

Daniel G. Vogel, Paul V. Rost, Stinson, Mag & Fizzell, P.C., St. Louis, John W. Maupin, Clayton, Donald Kenneth Anderson, Jr., St. Louis, for respondents.

CLIFFORD H. AHRENS, Judge.

Plaintiffs appeal from a declaratory judgment entered in favor of defendant Home Depot USA, Inc. ("Home Depot") and against defendant City of Green Park. Plaintiffs also appeal from the dismissal without prejudice of a cause filed against defendants Home Depot and City of Green Park. We dismiss the appeal.

On December 22, 1997, the Board of Aldermen of the City of Green Park passed Ordinance No. 177 which purported to grant a tax increment financing plan in favor of Home Depot. Due to controversy surrounding the passage of the ordinance, on December 23, 1997, Home Depot filed cause No. 97CC–004262, a declaratory judgment action, to determine its validity. Home Depot named the City of Green Park as the only defendant in this action. The case was to be tried on January 14, 1998.

On January 13, 1998, Ronald Moss, Alderman of the Third Ward of the City of Green Park, sought to intervene in cause No. 97CC–004262. On January 14, 1998, the trial court heard the motion to intervene. Moss withdrew from cause No. 97CC–004262 after the trial court denied his motion to continue the case.

Moss filed cause No. 98CC–00148 on January 14, 1998, in which he, as the only named plaintiff, alleged that the City of Green Park, as the only named defendant, improperly enacted Ordinance No. 177. On the same day, Moss filed a writ of prohibition which requested the stay of proceedings in cause No. 97CC–004262 or, in the alternative, that the trial court consolidate cause No. 97CC–004262 with cause No. 98CC–00148. This court denied Moss' writ of prohibition in an order dated January 14, 1998.

The trial court entered judgment on cause No. 97CC–004262 on January 16, 1998, and found that Ordinance No. 177 was properly adopted by the Mayor and the Board of Aldermen of the City of Green Park. On January 21, 1998, Judge Kenneth M. Romines consolidated cause No. 98CC–00148 with cause No. 97CC–004262 and "transferred [it] to Judge Lasky for further proceedings." The same day, the City of Green Park filed a motion to dismiss cause No. 98CC–00148, which was to be heard on January 26, 1998. On January 26, Moss filed a first amended petition; a motion to add Christopher M. Ashley and James Corcoran, Aldermen of the City of Green Park, as plaintiffs to cause No. 98CC–00148; and a motion to add Home Depot as a defendant to the action. On January 27, 1998, the trial court sustained the City of Green Park's motion to dismiss cause No. 98CC–00148. Moss filed a motion for new trial on February 13, 1998. On March 5, 1998, the trial court denied Moss' motion for new trial, including "all petitions and pleadings." On March 13, 1998, plaintiffs Moss, Ashley and Corcoran filed a notice of appeal for causes No. 97CC–004262 and No. 98CC–00148.

In their first point on appeal, plaintiffs allege that the trial court erred in hearing cause No. 97CC–004262 due to lack of subject matter jurisdiction. In their second point on appeal, plaintiffs allege the trial court erred in declaring the ordinance valid in cause No. 97CC–004262. In their third point on appeal, plaintiffs allege that the trial court erred in dismissing their first amended petition in cause No. 98CC–00148 because it presented new issues and parties. Before considering plaintiffs' points on appeal, we address the threshold issue of whether this court has jurisdiction to consider the merits of this case. Although neither party raises the issue of appellate jurisdiction, it is our duty to do so *sua sponte*. *Johnson–Mulhern*

*Properties, L.L.C. v. TCI Cablevision of Missouri, Inc.,* 980 S.W.2d 171 (Mo.App.1998).

■■■ Initially, we must determine the effect of the order dated January 21, 1998, which consolidated cause No. 97CC–004262 and cause No. 98CC–00148. In cases involving a common question of law or fact, the trial court may exercise its discretion and order consolidation of the actions. Rule 66.01(b); *Belden v. Chicago Title Ins. Co.,* 958 S.W.2d 54, 57 (Mo.App.1997). Here, the trial court only stated that the actions were "consolidated." When an order employs the naked term "consolidation," its effect on the separate identity of the actions is not immediately clear to the reviewing court in that

> [t]he phrase "consolidation of actions" has been used by courts in three different senses. One application of the term means the staying of proceedings in one or more actions pending the outcome of proceedings in another action. Used in another sense, the phrase refers to the trial of several actions together. Actions which are consolidated in this sense ... remain separate actions with respect to docket entries, verdicts, judgments, and all aspects except trial. Finally, the term "consolidation" may mean the uniting of two or more previously distinct actions into one. Actions which have been consolidated in this sense lose their independent and separate existence, and only one judgment is rendered in the single action into which they have been combined.

1 Am.Jur.2d *Actions* section 131, at 804–5 (1994)(footnotes omitted); *see also* Wright & Miller, *Federal Practice and Procedure: Civil 2d* section 2382, at 427–29 (1995).

Missouri courts have recognized that when actions are consolidated only for joint hearing or trial, "the rights of action are not merged into one but remain separate and distinct." *Cragin v. Lobbey,* 537 S.W.2d 193, 195 (Mo.App.1976). In such instances, the causes of action are "separate and each is an entirety unto itself." *Id.* Here, docket entries, orders and judgments in each action

were entered separately. Furthermore, the consolidation of the two actions did not occur until after the trial court had entered judgment for cause No. 97CC–004262. Accordingly, we find that after consolidation, cause No. 97CC–004262 and cause No. 98CC–00148 remained separate entities; they were not merged into one civil action.[1] *Cf., e.g., State ex rel. Earnest v. Meriwether,* 270 S.W.2d 20, 23 (Mo. banc 1954); *Parks v. Rapp,* 907 S.W.2d 286, 288 (Mo.App.1995); *In the Matter of M.D.H.,* 595 S.W.2d 448, 450 (Mo.App. 1980).

■■■ When consolidated actions each retain separate identities, the appeal from the judgment in one action does not bring the remainder before the appellate court. *Cragin,* 537 S.W.2d at 197. In this case, plaintiffs were required to file a separate notice of appeal for each action. *See K. Khan, Inc. v. Wortham,* 983 S.W.2d 539 (Mo.App.1998). The docket sheet does not reflect that any post-trial motions were filed in cause No. 97CC–004262. The judgment became final on February 16, 1998. Rule 81.05(a). An effective notice of appeal for cause No. 97CC–004262 must have been filed by February 26, 1998. Rule 81.04(a); *In re Marriage of Cope,* 820 S.W.2d 114 (Mo.App.1991). Plaintiffs' notice of appeal for cause No. 97CC–004262, filed on March 13, 1998, was not timely. *Wortham,* 983 S.W.2d 539, 540. The filing of a timely notice of appeal is mandatory and jurisdictional. *Wooten v. Williams,* 827 S.W.2d 282, 283 (Mo.App. 1992). We must therefore dismiss plaintiffs' appeal as to points one and two.

■■■ We now take up whether we may consider plaintiffs' appeal from the trial court's dismissal of cause No. 98CC–00148 as stated in point three. This court has jurisdiction only over final judgments. *Stein v. Trampe,* 897 S.W.2d 209, 210 (Mo.App.1995). The version of Rule 74.01(a) in effect at the time of the purported judgment provided that:

1. The difficulty of our review would be much lessened if the trial court stated on the record whether actions were "consolidated into one civil action," or whether consolidation was "only

for joint hearing or trial." *See* Rule 66.01; *Tri-State Hotels, Inc. v. F.D.I.C.,* 79 F.3d 707, 711–12 n. 5 (8th Cir.1996).

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

An order of dismissal which is not denominated as a "judgment" is not appealable under Rule 74.01(a).[2] *Siefert v. Leonhardt,* 975 S.W.2d 489, 491 (Mo.App.1998). Neither document signed by the trial court on January 27, 1998, or March 5, 1998, is denominated "judgment." An entry in the docket sheet may constitute a judgment if it is signed by the trial court and in some manner denominated "judgment." *Kessinger v. Kessinger,* 935 S.W.2d 347, 349 (Mo.App.1996). The docket sheet reflects the following typewritten entry on January 27, 1998:

> TRIED COURTCAUSE DISMISSED.
>
> COURT COSTS TAXED AGAINST PLAINTIFF(S) # 1 RONALD MOSS DISMISSED BY COURT DEFENDANT(S) # 1 CITY OF GREEN PARK MISSOURI
>
> JUDGE HERBERT LASKY, DIV 23
>
> COURT REPORTER: NOT APPLICABLE

JUDGMENT NUMBER: 640255

JUDGMENT 640255 01/27/1998 REVIEWED.

This entry does not meet the requirements of Rule 74.01(a). The docket entry is not signed or initialed by a judge, nor does it appear that the judge denominated it as a "judgment." *See id.* Consequently, point three of plaintiffs' appeal must be dismissed.[3] *Thomas v. Grandview Heights Redevelopment Corp.,* 957 S.W.2d 518, 519 (Mo.App. 1997).

On December 31, 1998, Home Depot filed a motion to strike portions of the City of Green Park's brief on appeal, including its first and second point relied on, the corresponding argument portions and parts of its statement of facts. Due to the disposition of this appeal, Home Depot's motion is denied as moot.

The appeal is dismissed for lack of appellate jurisdiction.

JAMES A. PUDLOWSKI, P.J., and WILLIAM H. CRANDALL Jr., J., concurs.

**2.** We note that although the trial court's dismissal was without prejudice, Rule 67.03, when the effect of the judgment "is to dismiss the plaintiff[s'] action and not the pleading merely, then the judgment entered is final and appealable." *Mahoney v. Doerhoff Surgical Services, Inc.,* 807 S.W.2d 503, 506 (Mo. banc 1991).

**3.** In the interest of judicial economy, we note that no appeal may lie from a judgment which does not dispose of all claims as to all parties absent certification that there exists no just reason for delay. Rule 74.01(b); *Perniciaro v. McDonald,* 974 S.W.2d 620, 621 (Mo.App.1998). Here, an amended petition in cause No. 98CC–00148 was filed on January 26, 1998. This petition added a request for damages "and further relief as [the trial court] deems just and proper," added plaintiffs Ashley and Corcoran to the action and added defendant Home Depot to the action. On January 27, 1998, the trial court sustained the motion of the City of Green Park to dismiss the action.

For the purposes of Rule 55.33(a), a motion is not a "responsive pleading." *Savings Finance Corp. v. Blair,* 280 S.W.2d 675, 677 (Mo.App.1955)(discussing section 509.490, RSMo 1949, which is substantially the same as Rule 55.33(a)); *see also* Rule 55.01; *Harris v. Nola,* 537 S.W.2d 636, 638 (Mo.App.1976). As no responsive pleading had been filed in cause No. 98CC–00148, the amended petition was properly filed without leave of the court. Rule 55.33(a); *Phillips v. Bradshaw,* 859 S.W.2d 232, 237 (Mo.App.1993); *Savings Finance Corp.,* 280 S.W.2d at 677.

When a trial court fails to specify its reason for dismissal, the reviewing court presumes that the trial court acted for one of the reasons set out in the motion to dismiss. *Adams v. Adams,* 871 S.W.2d 105, 107 (Mo.App.1994). Here, the motion to dismiss filed by the City of Green Park alleged that "after intervening and subsequently withdrawing from [cause No. 97CC–004262], plaintiff Moss is attempting to split a single cause of action." As the trial court merely sustained the City of Green Park's motion to dismiss, the purported judgment did not dispose of all claims as to plaintiffs Ashley or Corcoran, nor did it certify that there exists no just reason for delay. *See Ralph v. American Family Mut. Ins. Co.,* 809 S.W.2d 173, 174 (Mo.App.1991).