STATE of Missouri, ex rel., ROCK-WOOD R–VI SCHOOL DISTRICT, Relator,

v.

The Honorable Kenneth M. ROMINES, Judge of the Circuit Court of St. Louis County, Respondent.

No. ED 80302.

Missouri Court of Appeals,
Eastern District,
Writ Division Four.

Dec. 26, 2001.

Celynda Brasher, Thomas E. Tuech, Phyleccia B. Reed, St. Louis, MO, Keeney, Cooper, Mohan & Jackstadt, P.C., for Relator.

Thomas R. Carnes, St. Louis, MO, for respondent.

MARY K. HOFF, Judge.

A Petition for Writ of Prohibition, or in the Alternative, Writ of Mandamus was filed by Rockwood R–VI School District (District) to prohibit the Honorable Kenneth M. Romines (Respondent) from enforcing his Judgement, Order and Decree (Judgment) remanding to the District Board of Education (Board) for another full evidentiary hearing on the expulsion of student, Kevin J. Cordia (Cordia). Cordia allegedly violated the District policy prohibiting the bringing of a weapon to school. Preliminary order made absolute.

On April 5, 2001, the Board held a hearing to determine whether Cordia should be expelled from the District pursuant to Missouri Administrative Procedure Act, Chapter 536 RSMo 2000. At the hearing, both sides were represented by counsel, witnesses testified, evidence was admitted, and a transcript was made of the hearing. After deliberation, the Board voted to expel Cordia from the District. On April 27, 2001, Cordia filed a Verified Petition for Review and Request for Stay Order in the Circuit Court for St. Louis County requesting that Cordia's expulsion be stayed pending a full hearing on his Petition for Review. On April 30, 2001, the Board issued its Findings of Fact, Conclusions of Law and Decision.

On May 1, 2001, Respondent stayed the expulsion of Cordia. After both sides filed briefs, Respondent heard arguments on August 9, 2001 regarding Cordia's Petition for Review. On September 4, 2001, Respondent filed a Judgment remanding the cause to the Board for further hearing and staying Cordia's expulsion. It is from this Judgment that the District has filed this writ.

After reviewing the Writ and the Suggestions in Support and in Opposition and exhibits provided, this Court issued a Preliminary Order of Prohibition on Novem-

ber 19, 2001. As directed by that Order, Respondent filed an answer on December 3, 2001. Under Rule 84.24, this Court being fully informed, has dispensed with the requirement of full briefing and oral argument in this matter.

■ The extraordinary remedy of a writ of prohibition will issue in one of three circumstances: (1) to prevent the usurpation of judicial power when the trial court lacks personal or subject matter jurisdiction; (2) to remedy a patent excess of jurisdiction or an abuse of discretion such that the lower court lacks the power to act as intended; or (3) in situations where a litigant may suffer irreparable harm if relief is not made available in response to a trial court's order. *State ex rel. Nixon v. Askren*, 27 S.W.3d 834, 835 (Mo.App. W.D. 2000).

■ In this case, a permanent writ of prohibition is issued because the Respondent "lacks the power to act as intended."

Judicial review of an administrative agency decision in Missouri is found in Section 536.140 RSMo 2000. In *Consumer Contact Co. v. State Dept. of Rev.*, 592 S.W.2d 782, 787 (Mo. banc 1980), the Missouri Supreme Court interpreted Section 536.140 to authorize "the court to ... remand the case to the agency with direction to reconsider the facts in light of such evidence *only* if the court finds either (a) the evidence could not have been produced in the exercise of reasonable diligence, or (b) the evidence was improperly excluded at the hearing before the agency." Respondent admits in his Answer that he made no specific finding that there was evidence that could not have been produced in the exercise of reasonable diligence at the Board's original hearing or that evidence was improperly excluded at the hearing. Nor has Respondent identified any evidence that was improperly excluded or which could not have been pro-

duced at the Board hearing in the exercise of due diligence.

For the above reasons and due to the requirements of Section 536.140 RSMo 2000, the preliminary order of prohibition is made absolute barring Respondent from ordering a remand to the Board for rehearing. Respondent shall forthwith render a judgment affirming, reversing or modifying the Board's decision based on the record before him as provided under Section 536.140 RSMo 2000.

MARY R. RUSSELL, Presiding Judge and WILLIAM H. CRANDALL, Jr., Judge, concur.