**STATE of Missouri ex rel. Jeremiah W. NIXON, Attorney General, Relator,**

v.

**The Honorable Raymond M. WEBER, Circuit Judge for Ste. Genevieve County, Missouri, and Carol A. Steiger, Circuit Clerk for Ste. Genevieve County, Missouri, Respondents.**

No. ED 82853.

Missouri Court of Appeals, Eastern District, Writ Division Three.

June 10, 2003.

_____

Cheryl Ayn Caponegro Nield, Jefferson City, MO, for relator.

Robert D. Huelskamp, Ste. Genevieve, MO, for respondents.

## OPINION

GLENN A. NORTON, Presiding Judge.

The Attorney General seeks a writ to prohibit the trial court from striking the notice of appeal filed by the Director of Revenue after a license revocation proceeding and to mandate the clerk of the trial court to transmit the notice to the appellate court. We issued preliminary orders in prohibition and in mandamus, and the respondents answered. We dispense with further briefing as permitted by Rule 84.24(j). The preliminary order in prohibition is made absolute. The preliminary order in mandamus is quashed.

## I. BACKGROUND

The driver filed a petition in the associate division of the circuit court to review the Director's revocation of his license. The court reversed the revocation, and the Director timely filed a notice of appeal in the trial court. It appears the notice was never transmitted to the court of appeals. Almost a year later, the driver moved the

trial court to strike the notice on the grounds that the Director failed to perfect the appeal by, among other things, not forwarding a copy of the notice of appeal to this Court. The driver also argued that his driving privileges were "in limbo" because his record noted that the stay on his license revocation was being appealed. The trial court granted the motion and entered an order purporting to strike the notice of appeal and direct all references to the appeal removed from the driver's record.

## II. DISCUSSION

■ The driver insists that the Director has not shown good cause for the failure to transmit the notice of appeal to this Court, which he claims should defeat the issuance of a writ in this case and preclude the Director from pursuing an appeal. First, an appellant is not required to file the notice in the court of appeals—it is the trial court clerk's duty to transmit the notice filed in the trial court to the court of appeals. _See_ section 512.070 RSMo 2000 [1]; _see also_ Rule 81.08(d).

■ Second, any defects in the Director's appeal may ultimately result in dismissal, but that is for this Court—not the trial court—to decide:

> After a timely filing of such notice of appeal [in the trial court], failure of the appellant to take any of the further steps to secure the review of the judgment or order appealed from does not affect the validity of the appeal, but is ground for such action _as the appellate court_ deems appropriate, which may include dismissal of the appeal.

Section 512.050 (emphasis added). The trial court has no authority to dismiss a notice of appeal or otherwise arbitrate the

1. All statutory references are to RSMo 2000.

validity of an appeal. *Robinson v. Director of Revenue,* 762 S.W.2d 872, 874 (Mo.App. E.D.1989). Where, as here, the court "lacks the power to act as intended," a writ of prohibition is the appropriate remedy. *See generally State ex rel. Director of Revenue v. Mobley,* 49 S.W.3d 178 (Mo. banc 2001); *State ex rel. Rockwood R–VI School Dist. v. Romines,* 63 S.W.3d 682 (Mo.App. E.D.2001). Thus, the order striking the Director's notice of appeal must be set aside. The notice of appeal should thereafter be processed in accordance with section 512.070 and Rule 81.08.

■ The record reflects that the pleadings in this case, including the notice of appeal, were filed in the associate division of the circuit court and handled by the clerk of the associate division, not by the circuit clerk named in the Director's petition or anyone under her control or in her employ. The proper party not having been named, the petition for a writ of mandamus must fail.

### III. CONCLUSION

The petition for writ of prohibition is granted. We make the preliminary order in prohibition absolute; the trial court is directed to set aside the order striking the notice of appeal and to order that the clerk of the associate division of the circuit court transmit the notice of appeal to the appellate court. The petition for writ of mandamus is denied, and the preliminary order in mandamus is quashed.

MARY K. HOFF, J. and KATHIANNE KNAUP CRANE, J. concurring.